T. J. Fletcher Jackson and Gertrude H. M. Jackson, Appellants, *v.* Edna Grey, Respondent, Impleaded with Alta Brennan and Others, Defendants.

First Department, July 1, 1921.

Landlord and tenant — summary proceedings — tenant of apartment not residing therein but subletting rooms does not occupy premises for dwelling purposes only, within meaning of Laws of 1920, chapter 942, adding to Code of Civil Procedure section 2231, subdivision 1a — such tenant may be dispossessed.

A house is not occupied for dwelling purposes only, within the meaning of chapter 942 of the Laws of 1920, adding to Code of Civil Procedure section 2231, subdivision 1a, so as to prevent the removal of the tenant as a holdover, where the tenant does not reside on the premises but leases them for the purpose of subletting rooms therein to third persons.

Accordingly, a tenant who leased two floors in a private house for the term of one month, and remained in possession from month to month but who did not actually reside upon the premises or enter into possession personally till after the expiration of thirty days' notice given her to quit the premises, is not protected by said statute and may be dispossessed.

Appeal by the plaintiffs, T. J. Fletcher Jackson and another, from a determination of the Appellate Term of the Supreme Court, First Department, rendered on the 10th day of January, 1921, reversing a final order in summary proceedings of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiffs.

*Henry S. Mansfield*, for the appellants.

*David G. Godwin*, for the respondent.

Page, J.:

The facts are practically admitted. The proceeding was brought to dispossess the tenant on the ground that she was holding over after the expiration of her term. On November 1, 1919, the landlord rented to the tenant the second and third floors in a private house, known as 132 West Eighty-seventh street, New York city, for the term of one month, and the tenant remained in possession from month to month until October 1, 1920, at which time the term of the tenant expired by reason of a thirty-day notice given by the landlord

to the tenant. This portion of the house was rented to the tenant for the purpose of subletting the same to roomers or lodgers. The tenant thereupon subleased portions of the premises, furnished, to four different persons as monthly tenants. The tenant did not reside upon the premises until the first day of October, when she moved in and occupied one of the rooms. This was after the expiration of her term. On behalf of the tenant it is claimed that the premises are occupied for dwelling purposes only, and that by reason of chapter 942 of. the Laws of 1920 (adding to Code Civ. Proc. § 2231, subd. 1a), summary proceedings to remove her as a holdover tenant cannot be maintained.

In my opinion, the provision of the statute prohibiting the dispossession when the house is " occupied for dwelling purposes " means " where it is occupied by the tenant for such purposes;" and where the premises are leased to a tenant not for the purposes of a residence but for the purposes of a business of subleasing to others, the statute does not apply. In · this case, although the subtenants were made parties, the proceeding as to them was withdrawn, and it was consented that the warrant should issue as against the tenant only. The Appellate Term in the case of *May* v. *Dermont* (114 Misc. Rep. 106), decided January 20, 1921, and, therefore, subsequent to the decision in this case, assumed for the purposes of that case that this was the correct interpretation of the statute, but as the tenant resided in the premises as well as rented out rooms, it was held that she could not be dispossessed.

The determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, and the final order of the Municipal Court affirmed.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Determination reversed, with costs and disbursements in this court and in the Appellate Term, and final order of Municipal Court affirmed.