WILLIAM J. HOWIE, Agent for Landlord, Appellant, *v.* EDWARD L. McKENZIE, Respondent.

(Supreme Court, Appellate Term, Second Department, July, 1921.)

Landlord and tenant — summary proceedings — tenant must occupy leased premises for dwelling purposes to claim protection under Laws of 1920, chapter 942

Unless a tenant occupies the leased premises for dwelling purposes, he is not entitled to the protection of chapter 942 of the Laws of 1920.

Where in a summary proceeding against a tenant holding over after the expiration of his term it is conceded that he does not live on the premises described in the amended petition but that he either rents out apartments in the building to subtenants or uses the premises for a rooming house, the dismissal of the proceeding on the ground that the petition fails to allege that the premises are used for dwelling purposes as specified by chapter 942 of the Laws of 1920 is error for which a final order in favor of the tenant will be reversed and a new trial granted.

Appellate Term, Second Department, July, 1921. [Vol. 116.

APPEAL by landlord from a final order in favor of the tenant dismissing the proceeding on motion of the tenant.

William W. Butcher, for appellant.

Thomas F. Magner, for respondent.

KELBY, J. The petition in this proceeding alleged that the petitioner was the agent of Ingwald S. Hanson, who is the owner of record in fee simple of the house and premises known as 535 Washington avenue, Brooklyn, N. Y. The property is also described in the record as a four-story-and-basement brown-stone house. It was then alleged, in effect, that the tenant's term had expired and that tenant held over his term without the permission of the landlord. The petition did not allege that the landlord sought " in good faith to recover possession " of the premises or a room or rooms therein for the immediate and personal occupancy by himself and his family as a dwelling, nor did the petitioner by appropriate allegations bring the proceeding under any of the other exceptions of chapter 942 of the Laws of 1920.

The petition by amendment alleged " that the premises described in the petition are not occupied by the tenant for dwelling purposes, and that the proceeding does not come within subdivision 1a of section 2231 of the Code of Civil Procedure, as amended by chapter 942 of the Laws of 1920."

The proceedings on the trial were short and informal. The tenant, who had pleaded a " general denial " was not represented by counsel below, but it would appear that some statement was made indicating what the tenant's position was. The tenant named appeared in court by his wife — hence the trial judge referred to tenant as " she."

The landlord moved for judgment on the pleadings, and a colloquy ensued between court and counsel. It ended with this from the court: " From the statement of counsel made to the court at this time, this tenant, the lessee under a written lease which has now expired, is holding over under said lease. She is not a resident in the property. The property is used for purposes of a rooming house as suggested by counsel for the landlord, but the tenant in this proceeding alleges that the premises are used for renting out apartments. The court's ruling is that it is obvious that the premises are used for dwelling purposes and therefore, in the opinion of the court, comes within the purview of chapter 942 of the Laws of 1920, to which the counsel for the landlord excepts, and upon that statement of fact, the court on motion of the tenant dismisses the petition on the ground that it fails to allege one of the requirements as specified by chapter 942 of the Laws of 1920. The proceeding is dismissed."

The notes of the joint legislative committee on housing relative to the housing bills contain the following explanation as to chapter 942 of the Laws of 1920: " This bill will do away with the anxiety of the many people in New York who are now holding their premises under short stays or have been served with notices to move on October 1st (1920). The notices served upon people that they will be required to vacate on October 1st will be wholly ineffectual after the passage of this bill. In holdover proceedings already brought, where a stay has been granted, the court cannot issue a warrant to put the tenant out unless it is for one of the causes mentioned above (*i. e.,* exceptions provided in act)."

The whole theory of the legislative declaration of an existing emergency was predicated upon facts showing that unjust agreements for the payment of rent

Appellate Term, Second Department, July, 1921. [Vol. 116.

were being exacted by landlords of tenants; that freedom of contract by tenants to have a house to live in had been impaired with resulting housing conditions endangering the public welfare. As was said at page 438 in *People ex rel. Durham Realty Corp. v. LaFetra,* 230 N. Y. 429: " The landlords took advantage of the situation to exact, under threats of eviction, whatever exorbitant rents the necessities of the occasion would bring forth; *tenants offered themselves who would submit to such demands rather than take the chance of finding other places of abode."* Italics ours.

The tenant in the proceeding at bar concededly does not live in the demised premises. The tenant as principal lessee either lets out the floors of the building as apartments to subtenants, or uses the premises for a rooming house. It matters not in this proceeding which of the two uses the respondent claims. In either event, the premises are not being used as a dwelling by the tenant.

Chapter 942 of the Laws of 1920 states that " no proceeding * * * to recover the possession of real property * * * occupied for dwelling purposes * * * " shall be brought except in certain instances. This means that unless the tenant himself occupies the premises for dwelling purposes, he is not entitled to the protection of the statute. Since this opinion was written the Appellate Division in the first department has so held. *Jackson* v. *Grey,* 197 App. Div. 656.

This tenant has not been subjected to oppression by fear of being deprived of a home. On the contrary, the tenant is housed elsewhere, and is engaged in a business venture in these premises to make money.

This proceeding is solely against the tenant. The

rights, if any, of the subtenants, or roomers, are, therefore, not determined.

The final order is reversed and a new trial granted, with ten dollars costs to appellant to abide the event.

CROPSEY and LAZANSKY, JJ., concur.

Order reversed.