Rockaway Point Co., Inc., v. Friberg. No. 1. 239

App. Div. 239]        Second Department, December, 1921.

Second Department, December 16, 1921.

Landlord and tenant — summary proceedings — tenant holding over without landlord's permission — subtenant taking possession after expiration of lease — tenant not protected by Rent Laws, where property sublet — equitable lease to tenant not shown.

In summary proceedings to dispossess, commenced in June, 1921, on the ground that the defendants were holding over without the landlord's permission, it appeared that the original lessee of the premises, a summer bungalow, held under a lease that expired May 1, 1921; that the subtenant claimed by a lease from May to October, 1921, and that the principal tenant interposed the defense that the premises were and still are occupied exclusively for dwelling purposes by the tenant and undertenants and that she held an alleged lease made in December, 1920, to run from May, 1921, to September, 1928.

*Held*, that since the lease to the subtenant expired in October, 1921, the appeal on behalf of said subtenant became of no importance;

That the principal lessee, having sublet the property, was not entitled to the protection of the Rent Laws (Laws of 1920, chap. 942).

The alleged lease to the principal lessee claimed to have been given in December, 1920, was upon condition that the husband of the lessee should remove from a certain hotel, and as that condition had not been performed at the time of the trial, the equitable lease to the principal lessee failed.

Appeal by the defendants, Sophie Friberg and another, from a final order of the County Court of the county of Queens, made in summary proceedings to dispossess, and entered in the office of the clerk of said county on the 24th day of June, 1921, awarding to the landlord possession of the property in question, and also from an order entered in said clerk's office on or about the same day denying defendants' motion to set aside the verdict and for a new trial made upon the minutes.

The final order awarded the landlord possession of a lot 33 East Center street, at Rockaway Point, with the appurtenances and improvements thereon.   This includes a frame one-story bungalow built by the lessee, under a two-year

lease which expired May 1, 1921. The petition described the premises as " being a summer bungalow, not fitted for any but summer use." Defendants are alleged as holding over without the landlord's permission.

Mrs. Friberg's answer raised two defenses: (1) That the premises were and still are occupied exclusively for dwelling purposes by the tenant and undertenants herein. (2) That on or about December 15, 1920, plaintiff had leased to her (Mrs. Friberg) the site mentioned in the petition from May 1, 1921, to September 30, 1928, at a rental of sixty dollars *per annum*. That she had entered into occupation, and had performed all conditions thereof so far as plaintiff permitted.

The court left to the jury two issues, namely: (1) Whether this building was occupied as a dwelling within the housing laws (Laws of 1920, chap. 942, adding subd. 1-a to Code Civ. Proc. § 2231); (2) the *bona fides* of the occupancy by the undertenant who claimed by a lease from May to October, 1921, with oral permission to occupy same for the rest of the year. Their verdict was in favor of the landlord. Defendants moved to set aside the verdict, which was denied.

*Almet F. Jenks* [*Gustavus A. Rogers* with him on the brief], for the appellants.

*Meier Steinbrink* [*Frank E. Johnson, Jr.,* with him on the brief], for the respondent.

PUTNAM, J.:

The lease itself provided: " The said demised premises are to be occupied exclusively for dwelling purposes for not more than 6 persons." There is another covenant not to build more than one story in height " or designed for use other than as a private dwelling."

The undertenant (Giery) continued to hold his city home at Long Island City; and at date of this trial (June 21, 1921) testified that he had been living in this bungalow at Rockaway Point for two weeks, which indicates that he moved in after June first.

The equitable defense of a promised renewal lease rested on collective negotiations between the plaintiff company and a

committee of the bungalow occupants; and promises to Mrs. Friberg herself.

About July, 1920, a meeting of the Rockaway Point Association was held in the local Young Men's Christian Association hall. The masculine members of that association were organized with a president, vice-president and secretary. There was a women's auxiliary, to which Mrs. Friberg belonged. Mr. Greve, representing this landlord, addressed this meeting and invited them to form a committee with whom he could confer. Afterwards this association named such committee. There were also delegates from other Rockaway sections — all acting together as a joint committee. There were introduced tentative drafts and proposed forms of lease which appear to have been under consideration.

A lease on the later revised form of one of these Rockaway Point lots from plaintiff to Mr. Dilligan, of January 28, 1921, was also offered. It contained a clause permitting the lessee to remove buildings on paying the landlord $100. But all these documents show merely drafts, proposals, and the steps approaching toward some agreement, but not eventuating in any settled form of lease.

The promise, that Mrs. Friberg herself testified to, appears in both records. It had always a condition on which the landlord had insisted. This was that her husband, Nils Friberg, should get out of the Bayside Hotel. Nevertheless, at the date of the trial Mr. Friberg was still running the hotel. Clearly, therefore, such equitable defense was not made out.

Conceding that the Laws of 1920, chapter 942, applied, who can avail of this protection? Certainly not an intermediate lessee who does not live on the property but whose interest is to rent out same to subtenants. (*Jackson* v. *Grey*, 197 App. Div. 656; *Howie* v. *McKenzie*, 116 Misc. Rep. 117.)

This leads to the following conclusions:

*First.* That the subtenant and only occupant did not go into possession until after the plaintiff's lease to Mrs. Friberg had expired. After October first, when such subtenancy had ended, the appeal on behalf of such subtenant became of no practical importance.

*Second.* Mrs. Friberg not herself occupying this bungalow,

but subletting it, was not within the protection of chapter 942, Laws of 1920, or the subsequent housing statutes.

*Third.* The evidence to show an equitable lease to Mrs. Friberg after May 1, 1921, failed, because, among other things, the condition which plaintiff insisted upon, that Nils Friberg should quit the Bayside Hotel, was never performed, as at the time of the trial it appeared he was still conducting that hotel.

The final order as to appellant Sophie Friberg is, therefore, affirmed, with costs, and the appeal of the undertenant is dismissed, with a single bill of costs to the landlord, respondent.

Present — BLACKMAR, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ.

Final order of the County Court of Queens county as to appellant Sophie Friberg unanimously affirmed, with costs, and the appeal of the undertenant is dismissed, with a single bill of costs to the landlord, respondent.