HENRIETTA M. PAINE, Plaintiff, *v.* BERGROSE DEVELOPMENT CORPORATION, Defendant.

Supreme Court, Queens County, December, 1922.

Deeds — restrictive covenants — " private dwelling " ceases to be such when altered into a two-family house — injunctions.

The properties of plaintiff and defendant were originally laid out in one development wherein a uniform restriction was imposed against the use and occupation of either of said premises for any business or for any purpose other than for a private dwelling. The defendant has altered its building to provide living

quarters for a second family. *Held,* that defendant's building ceases to be a private dwelling and the plaintiff is entitled to relief restraining its use for more than one family.

SUIT for an injunction.

*J. Russell Sprague,* for plaintiff.

*Weisberger & Weisberger,* for defendant.

VAN SICLEN, J. Plaintiff brings this action to permanently enjoin the contemplated violation of a restrictive covenant. The properties of the plaintiff and defendant were originally laid out in one development wherein a uniform restriction was imposed against the use and occupation of either of said premises for any business or for any purpose other than for a private dwelling. It is conceded that the defendant has altered his private dwelling by installing in the third floor thereof living quarters for a second family, and it is conceded that he intends to rent this additional apartment to another family. The exterior of defendant's private dwelling has been changed so as to arrange a separate means of access from out of doors to the new apartment and the same are visible upon inspection, but it cannot be said that they affect the general appearance of the house to any great extent. It is admitted by the pleadings that the plaintiff has no adequate remedy at law, that money damages could not compensate for a violation of the restriction, and that plaintiff's dwelling is of large rental value and desirable as a residence, but that the value and desirability of same depends on the restriction of the use of all buildings in the vicinity to that of private dwellings.

It may be conceded that the alteration made by the defendant will turn its building into a two-family house, and the only question left for determination is whether a house formerly used as a private dwelling for one family ceases to be a private dwelling when altered for occupation by two families. In *Barnett* v. *Vaughan Inst.,* 119 N. Y. Supp. 45, a private dwelling is described as " a place or house in which a person or family lives in an individual or private state." " A private dwelling house is one intended for private living." In *Levy* v. *Schreyer,* 27 App. Div. 282, it was held that a dwelling house so constructed that it would provide for the occupation therein of three separate families living apart was not a private residence. The court said: " This characterizes the building and prevents it, as it seems to me, from coming within the class of buildings which the parties term a private residence." This last case reached the Court of Appeals in 177 New York, 293, and it was held that although the external appearance of the building in no way suggested that it was anything but a private residence, yet

the contemplated use of the same by more than one family destroyed its character as a private dwelling and the said use would be enjoined. It might also be argued that the contemplated use of the building in suit for the occupation of two families not only destroys the character of said building as a private dwelling, but also amounts to an occupation of said premises for business. But this aspect of this case is not so clear as the other. *Jackson* v. *Grey*, 197 App. Div. 656; *Howie* v. *McKenzie*, 116 Misc. Rep. 117.

It would seem, therefore, that the plaintiff has made out a case for relief and the relief to be granted should be the restraining of the use of defendant's building by more than one family. The construction work has actually been entirely finished so far as the exterior of the building is concerned and does not affect the appearance of same sufficiently to require relief. Judgment should be granted the plaintiff accordingly.

Judgment accordingly.