NYSTAD & KRASSNER, INC., Appellant, *v.* GUSTAVE R. ZERBE, Respondent.

First Department, July 2, 1924.

Summary proceedings to dispossess — Rent Laws — tenant occupying certain rooms and subletting others is not within protection of Rent Laws (Laws of 1920, chap. 136, as amd. by Laws of 1922, chap. 664).

A tenant who occupies certain rooms in a dwelling leased by him and sublets other rooms under a hiring for more than a week, is not within the protection of the Rent Laws (Laws of 1920, chap. 136, as amd. by Laws of 1922, chap. 664) as to the rooms thus sublet.

APPEAL by the plaintiff, Nystad & Krassner, Inc., from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 13th day of December, 1923, reversing a final order of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of the plaintiff in dispossess proceedings.

*H., I. & L. Cohen* [*Frank C. Laughlin* of counsel; *Joseph W. Kirkpatrick* with him on the brief], for the appellant.

*Dutton & Kilsheimer* [*James B. Kilsheimer, Jr.,* of counsel], for the respondent.

SMITH, J.:

The controversy arises upon the question whether a landlord occupying certain rooms in a dwelling and leasing other rooms under a hiring for more than a week, is within the protection of the Rent Laws, so called, as to the rooms thus leased. Section 1 of chapter 136 of the Laws of 1920, as amended by chapter 664 of the Laws of 1922, provides: " It shall be a defense to an action for rent accruing under an agreement for premises in a city of the first class or in a city in a county adjoining a city of the first class occupied for dwelling purposes that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive."

Under the plain interpretation of the statute, where three floors out of five are leased to roomers upon a weekly tenancy for more than a week, such parts of the premises so leased are used for business and not for dwelling purposes. Otherwise, a landlord might occupy one room in a very large house and claim that his occupancy of that room made the house a dwelling house, although all the other rooms were occupied by subtenants upon weekly or even upon monthly leases. In other words, to the extent of the three floors so occupied, it is not a house used for dwelling purposes, but is a house used for business. The case of *Jackson* v. *Grey* (197 App. Div. 656) holds no other rule. The question here involved was not pertinent to the question there decided. In that case the entire house was rented. It is true that the case of *May* v. *Dermont* (114 Misc. Rep. 106), in the Appellate Term, was there referred to. But it cannot be said that it was referred to either with approval or disapproval and, in any event, was aside from the question there determined.

It seems that the party who leased these rooms occupied under a lease from the owner of the premises, and the fact that so large a part of the house was subleased to roomers bears somewhat

in favor of the contention that he leased it in part for business and not entirely for his own dwelling. The determination of the Municipal Court awarded possession to the landlord of that part of the premises that was thus leased to roomers, reserving, however, to the tenant therein such part of the premises as he in fact occupied.

We are of opinion, therefore, that the determination of the Appellate Term should be reversed, with costs, and the order of the Municipal Court should be affirmed, with costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Determination of the Appellate Term reversed and the final order of the Municipal Court affirmed, with costs and disbursements to the appellant in this court and in the Appellate Term.