ALFRED W. HERZOG, Landlord, Appellant, *v.* FRANK CYRILLA, Tenant, Respondent.

ALFRED W. HERZOG, Landlord, Appellant, *v.* FRANK CYRILLA, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, November 13, 1924.

Landlord and tenant — summary proceeding to dispossess tenant for non-payment of rent — portion of house used for business purposes — court without authority to fix reasonable rent for entire premises — landlord entitled to possession of portion of premises used for business purposes — trial court may fix reasonable rental of portion of house used as dwelling — action for rent under lease as " residence and rooming house "— statutory defense inapplicable — judgment should not authorize removal of tenant from dwelling portion of premises.

In a summary proceeding against the tenant of a house to be occupied as " a residence and rooming house " to recover possession on the ground of non-

payment of the rent, the court is without authority to fix a reasonable rent for the entire premises where it appears that the premises are a three-story and basement high stoop house; that the tenant, with his wife and daughter, occupies the front parlor and kitchen; that the front basement contains six tables set for table boarders; that all the rest of the house is occupied by roomers; and that the tenant interposed the statutory defense.

*It seems,* that the landlord on non-payment of the rent of such a house is entitled to the possession of those parts of the premises occupied by roomers, and it is the duty of the trial court to fix a reasonable rental for so much of the house used as a dwelling by the tenant.

*It seems,* that in an action to recover rent under such a lease, while it would be possible to fix a reasonable rental for the part used by the tenant as a dwelling, the court would have no authority to fix a rent for the business part, and it would seem to follow that the statutory defense would be inapplicable to the plaintiff's demand.   The judgment in such an action, however, should not be so broad as to authorize the sheriff or marshal to remove the tenant from the dwelling portion of the premises for non-payment of the judgment for rent.

APPEAL by landlord from final order of the Municipal Court of the city of New York, borough of Manhattan, fifth district, fixing reasonable rent; also appeal from judgment of the same court in favor of defendant dismissing complaint on the merits.

*Weinberg & Weinberg,* for the appellant.

*Kirsch, Rosenman & Brandeis (Samuel I. Rosenman,* of counsel), for the respondent.

*Per Curiam.* The Appellate Division has held in *Nystad & Krassner, Inc.,* v. *Zerbe,* 210 App. Div. 217, that where the tenant of a rooming house rents three floors out of five to roomers such parts of the premises so leased are used for business and not for dwelling purposes, and as the tenant does not use such parts for dwelling purposes the housing laws have no application thereto and he may be removed therefrom at the expiration of his term.

In this proceeding against the tenant of a house to be occupied as " a residence and rooming house " to recover possession on the ground of non-payment of the rent stipulated in the lease, it appears that the demised premises are a three-story and basement high-stoop house, with an entrance to the basement separate from the stoop entrance, and a separate entrance to each room in the house from the hall.   There is a toilet in the basement and there are toilets in the upper parts of the house.   The tenant with his wife and daughter occupies the front parlor and kitchen; the front basement contains six tables set for table boarders and all the rest of the house is occupied by roomers.   The tenant interposed the statutory defense, and the landlord's attorney moved to strike out the defense on the ground that the premises were used for business purposes.

The motion was denied, and the court fixed what it deemed a reasonable rent for the entire premises.

Applying the reasoning of the court in the *Nystad Case, supra*, it would seem to follow that the landlord on non-payment of the rents of such a house is entitled to the possession of those parts of the premises occupied by roomers, and it would be the duty of the trial court to fix a reasonable rental for so much of the house used as a dwelling by the tenant. It follows that there must be a new trial of the summary proceeding.

In an action to recover rent under such a lease as is here presented while it would be possible to fix a reasonable rental for the part used by the tenant as a dwelling the court would have no authority to fix a rent for the business part, and it would seem to follow that the statutory defense would be inapplicable to the plaintiff's demand. The judgment in such action, however, should not be so broad as to authorize the sheriff or marshal to remove the tenant from the dwelling portion of the premises for non-payment of the judgment for the rent demanded in the complaint. This plaintiff seems to be entitled to some recovery for the December rent.

Final order reversed and new trial ordered, with ten dollars costs to appellant. Judgment reversed and new trial ordered, with ten dollars costs to appellant.

All concur; present, GUY, BIJUR and MULLAN, JJ.