ELIZABETH DAVIES, Landlord, Appellant, *v.* ADA T. AYLAN, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, November 18, 1924.

Landlord and tenant — summary proceedings for removal of tenant holding over beyond expiration of term — landlord sought possession of parts of premises occupied by tenant's roomers — error to submit case to jury — final order granting possession of parts of premises occupied by tenant's roomers granted.

A final order in summary proceedings for the removal of a tenant, holding over beyond the expiration of her term, awarding the landlord possession of parts of premises occupied by the tenant's roomers, should be granted, where it appears that the landlord merely sought the possession of those parts of the premises occupied by the roomers, since the tenant's reasonable and peaceful occupation of her rooms would not be seriously interfered with if the landlord obtained possession, and whatever detriment would result from the ouster would be to the landlord or the roomers rather than to the tenant.

Moreover, it was error to submit the case to the jury where all the physical facts were undisputed and there was nothing for the jury to determine.

APPEAL by landlord from final order of the Municipal Court of the city of New York, borough of Manhattan, fourth district, entered on verdict for tenant.

*Benjamin Berger,* for the appellant.

*Thomas B. Bresnahan,* for the respondent.

*Per Curiam.* In this summary proceeding against the tenant conducting a rooming house for holding over after the expiration of the term the court denied the landlord's motion, based on *Nystad &*

*Krassner, Inc.,* v. *Zerbe,* 210 App. Div. 217, for the direction of a verdict for the parts occupied by the roomers, and submitted to the jury the question whether the tenant's reasonable and peaceable occupation of her seven rooms would be seriously interfered with by putting the remaining ten rooms in the possession of somebody else, it appearing that the furnace, in the tenant's possession, supplied heat to the whole house, and the hot water heater would also remain in her possession. The verdict was in favor of the tenant.

There was nothing for the jury to pass upon, all the physical facts being undisputed. Their finding is merely an expression of opinion which is unsupported by any evidence. It seems to us that whatever detriment would result from the ouster would be one to the landlord or the roomers, not to the tenant, and the landlord's motion should have been granted.

Final order reversed, with ten dollars costs, and final order awarded the landlord as against the tenant herein for the possession of the ten rooms occupied by the tenant's roomers in the premises described in the petition, with costs.

All concur; GUY, BIJUR and MULLAN, JJ.