HELENA MARSH GOODWIN, Appellant, v. JOHN H. HUMBERT, Respondent.

First Department, March 26, 1926.

**Landlord and tenant — action to recover rent for furnished apartment in New York city — plaintiff leased apartment to defendant for one year — defendant after occupying apartment for several months sublet to third person — uncontradicted evidence shows that third person held over after expiration of lease and that plaintiff notified defendant she would hold him for rent — defendant acknowledged liability — no question of fact presented in action to recover rent for two months after expiration of term — defendant is not under protection of Emergency Rent Laws — defendant was hold-over tenant as matter of law — motion by plaintiff for directed verdict should have been granted.**

In an action to recover rent of a furnished apartment in New York city for two months following the expiration of a written lease, no question of fact was presented for the jury, and a motion by the plaintiff for a directed verdict should have been granted, since it appeared by uncontradicted evidence that the plaintiff leased the apartment to the defendant by a written lease for one year; that the defendant occupied the apartment for several months and then sublet it to a third person; that said third person did not remove from the apartment at the expiration of the lease but continued to hold the same; and that the defendant when notified by the plaintiff that she would hold him for the rent, acknowledged his liability.

It was error for the court to rule that the defendant was entitled to the protection of the Emergency Rent Laws, since the defendant was not a statutory tenant but a landlord who leased the apartment to a third party for profit and was not in actual occupation of the premises and did not have the possession nor the

right to possession so long as his subtenant continued to live in the apartment and paid rent.

The defendant was a hold-over tenant, as a matter of law, since he permitted his subtenant to hold over after the expiration of the lease, and the uncontradicted testimony of the plaintiff as to her election to hold the defendant liable, coupled with the demand for rent, constituted a new tenancy for a new term.

APPEAL by the plaintiff, Helena Marsh Goodwin, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 29th day of April, 1925, affirming a judgment of the City Court of the City of New York in favor of the defendant.

*Davis & Hayden* [*Frank Case Hayden* of counsel], for the appellant.

*Lee, Smyth, Aron & Wise* [*J. Harlin O'Connell* of counsel], for the respondent.

McAVOY, J. Defendant had a verdict in this case at a trial in the City Court and judgment was entered thereon, which judgment was affirmed at the Appellate Term and leave given to bring the appeal here.

The facts out of which the controversy arises are:

The plaintiff, Helena Marsh Goodwin, was engaged in the business of renting furnished apartments for profit. Plaintiff was the lessee of apartment 506 of 370 Central Park West at a rental of $150 a month, and had furnished that apartment for occupancy by an undertenant. On September 27, 1919, plaintiff entered into a written lease with defendant of that apartment, furnished, for one year, commencing October 1, 1919, and ending September 30, 1920, for $300 a month.

Defendant ceased to occupy the apartment about April 1, 1920. About June 1, 1920, defendant entered into a written lease with a Dr. Hicks for the said furnished apartment at a rental of $200 a month. The defendant, as landlord, collected rent from his tenant for the months of June, July, August and September, 1920, and received $50 on account of October, 1920, rent. When plaintiff called on Dr. Hicks, the subtenant, about giving up his possession on October first, the doctor indicated his intention to remain.

On October first plaintiff called on defendant and told him that she would " hold him for the rent " and he said that he " supposed " she would. Dr. Hicks remained in possession of the apartment until about October twenty-eighth.

Plaintiff testified that after October first she again saw the defendant and said " of course   *   *   *   I shall have to hold you responsible for the rent of the apartment and you in turn will have to hold Dr. Hicks, because all my dealings are with you,

and Dr. Hicks is all your idea, not mine, and I have nothing to do with him at all; I don't know anything about him. I only know that I wanted my apartment on the 30th of September, when I had a tenant for it." Defendant does not controvert this testimony of plaintiff.

Plaintiff made further demands for rent by letter, and her attorney wrote him. After October twenty-eighth plaintiff called on the attorney for defendant and again demanded rent.

Defendant then began a proceeding to dispossess the subtenant independently of the plaintiff and without her knowledge or consent.

Plaintiff testified that she did not know that dispossess proceedings had been instituted. Defendant testified in respect of this, as follows: " No, sir, she had nothing to do with it."

In court on October 11, 1920, Dr. Hicks did not appear, and although defendant was represented the proceeding was discontinued.

That defendant knew of his liability and acknowledged its continuance after October first appears from the fact that he received fifty dollars from his subtenant on account of October rent and gave the money to his wife and did not give it to the plaintiff. He testified that he had never even offered this money to the plaintiff.

Plaintiff rented the apartment from December first for a period of six months and seeks to recover in this action October and November rent from the defendant. The complaint demands judgment for $1,800, which is the loss sustained by plaintiff to October 1, 1921. Plaintiff concedes that owing to the terms of the lease, the holdover tenancy of the defendant terminated November thirtieth and that, therefore, her recovery is limited to October and November rent.

We conclude that there was no question of fact for the jury and that the ruling of the trial court that the defendant was entitled to the protection of the Emergency Rent Laws was erroneous.

Defendant was not a statutory tenant, but a landlord who leased the apartment to a third party for profit. This is not disputable on the proof of both parties.

To entitle a tenant to the protection provided by the Emergency Rent Laws, there must be an actual occupation of the premises by the tenant who claims the benefits of the laws. This defendant had neither possession nor right to possession so long as his subtenant continued to live in the apartment and paid rent. (*440 West End Avenue, Inc.*, v. *Dempster*, 200 App. Div. 101; *Stern* v. *Equitable Trust Co.*, 208 id. 13; affd.; 238 N. Y. 267.)

Where a tenant occupies rooms in a dwelling leased by him and leases rooms by weekly or monthly letting, " it is not a house used for dwelling purposes, but is a house used for business " (*Nystad & Krassner, Inc.*, v. *Zerbe*, 210 App. Div. 217), and he is not " a statutory tenant " as to the rooms or floors sublet.

*Jackson* v. *Grey* (197 App. Div. 656, 657) holds in like fashion: " The provision of the statute, prohibiting the dispossession when the house is ' occupied for dwelling purposes ' means ' where it is occupied by the tenant for such purposes; ' and where the premises are leased to a tenant not for the purposes of a residence but for the purposes of a business of subleasing to others, the statute does not apply."

The defendant was a holdover tenant as a matter of law. The mere holding over by the subtenant gave rise to the holdover tenancy.

The uncontradicted testimony of plaintiff as to her election, coupled with the demand for rent, constituted an erection of a tenancy for a new term, and no issue of fact remained to be disposed of by the jury on the proof.

The law relating to subtenants is set forth in McAdam on Landlord and Tenant (Vol. 3 [4th ed.], p. 195): " Upon the determination of the tenancy, the landlord is entitled to receive the full and complete possession of the demised premises from the tenant, who must, therefore, deliver up to his landlord the quiet and peaceable possession thereof, and if there be an under-tenant in possession, to whom the tenant has let the whole or part of the premises, the tenant must get him out, or the possession of the under-tenant will be regarded as the possession of the tenant, and the latter may be liable for the consequences." (Cases cited.)

No evidence was introduced that possession was demanded by plaintiff after October first. As soon as plaintiff learned that the tenant in possession intended to remain, she notified the defendant that she would hold him for the rent.

We think, under the uncontradicted proof here, that the learned trial court should have granted plaintiff's motion for the direction of a verdict in her behalf. There was no issue of fact to be disposed of by the jury since plaintiff continuously made demands for rent and thus elected to treat the defendant as a holdover and there was no proof that at any time plaintiff treated her tenant or defendant's subtenant as a trespasser.

Plaintiff was, therefore, entitled to recover the rent under her lease to the defendant for the months of October and November, 1920, and, therefore, the determination of the Appellate Term and judgment of the City Court should be reversed, and judgment

directed for the sum of $600 in favor of the plaintiff, with costs in all courts.

DOWLING, MERRELL and MARTIN, JJ., concur.

Determination of Appellate Term and judgment of the City Court reversed, with costs to the appellant in this court and in the Appellate Term, and judgment directed to be entered in favor of the plaintiff against the defendant for the sum of $600, with costs.