Reuben Dorfman, Appellant, *v.* Edward E. McLoughlin, Respondent.

Supreme Court, Appellate Term, First Department, May 5, 1926.

Municipal Court, city of New York — jurisdiction — Laws of 1920, chap. 136, § 11, as amd. by Laws of 1922, chap. 664, requiring actions mentioned in said statute to be brought in Municipal Court district where premises are located is confined to action for rent of premises occupied for dwelling purposes — plaintiff sued for rent under lease and alleges defendant had voluntarily removed from premises — action does not fall within class of actions contemplated by Laws of 1920, chap. 136, § 11, as amd. — Municipal Court had jurisdiction.

Section 11 of chapter 136 of the Laws of 1920, as amended by chapter 664 of the Laws of 1922, which requires that every action brought under the provisions of said statute be commenced in the Municipal Court district in which the premises are located, if the action be brought in the Municipal Court of the city, and providing that if it is not so brought the action shall be dismissed, with costs, is confined to the class of cases under and set out in chapter 136 of the Laws of 1920 which are, by its caption, actions for rent of premises occupied for dwelling purposes.

Accordingly, it was error to dismiss plaintiff's complaint in an action for rent owing under a lease of premises from which defendant had removed, together with damages by reason of defendant's failure to keep the premises in good repair, on the ground that under section 11 of chapter 136 of the Laws of 1920, as amended by chapter 664 of the Laws of 1922, the Municipal Court of the city of New York was without jurisdiction, since defendant's abandonment of the possession of the premises removes the action from the class of actions mentioned in chapter 136 of the Laws of 1920.

Appeal by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, in favor of defendant, dismissing the complaint for lack of jurisdiction.

*Ida S. Dorfman,* for the appellant.

*William S. O'Connell,* for the respondent.

Wagner, J. The plaintiff, residing in the Fifth Municipal Court district, borough of Manhattan, instituted an action against the defendant founded on a written complaint and consisting of two causes of action involving premises owned by him, a house, barn and certain grounds, known as No. 46 Kouwenhoven Place, Kings Highway, borough of Brooklyn, New York city. The first count alleged a written lease to the defendant as tenant for a term of two years commencing May 1, 1923, at a rental of $900 annually, payable in equal monthly installments on the first day of each month; the defendant's voluntary removal therefrom on December 23, 1924; the owner's diligent efforts to relet the premises for defendant's benefit and his inability to do so terminating in

a loss for the rental for the period of the last five months of the lease amounting to the sum of $375. The second cause of action was for $325 as damage to the premises caused by the defendant's failure to keep them in good order and repair as agreed and permitting them to become dilapidated. An answer was interposed by the defendant containing denials and a defense not necessary to detail for the purposes of this appeal. When the action reached trial and the plaintiff proceeded to testify the learned trial justice discovering that the premises were situated in Brooklyn and that the action was in part for rent, disclaimed any right to enter judgment therein on the ground of lack of jurisdiction in that the action was not instituted in the court of the district where the property was located, citing section 11 of chapter 136 (944) of the Laws of 1920 (added by Laws of 1921, chap. 434, as amd. by Laws of 1922, chap. 664),* and reading the provisions thereof into the record. While confining his ruling to the first count and not barring the plaintiff's right to a hearing on the damage cause of action, the record discloses a termination of the proceedings and an entry of judgment dismissing the complaint upon the ground that the court had no jurisdiction in the matter. We are constrained to hold that the learned justice below misapprehended the purview and meaning of the provisions of the law cited and erroneously denied to himself jurisdiction to hear and determine the rental phase of the controversy. Section 11 of chapter 136 (944) of the Laws of 1920 (added by Laws of 1921, chap. 434, as amd. by Laws of 1922, chap. 664) is as follows: "Every such action shall be brought in the county in which such premises are situated, if the action be brought in the supreme or county court; or in the municipal court district in which such premises are situated, if the action be brought in the municipal court of a city. If not so brought the action shall be dismissed with costs to the defendant."

Its application is obviously confined to the class of cases brought under and mentioned in chapter 136 of the Laws of 1920, which are by its caption actions for rent of premises occupied for dwelling purposes. As defendant had abandoned possession of the demised premises the case at bar did not, under the decisions, fall within that category, and the restrictions therein as to venue were without bearing and ineffectual to curtail the further prosecution of this suit. (*Goodwin* v. *Humbert,* 216 App. Div. 295; *Coler* v. *Reiss,* 203 N. Y. Supp. 771.)

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.

* Extended by Laws of 1924, chap. 6; Laws of 1926, chap. 6.—[REP.