TOMMASO GIORDANO, Appellant, *v.* MIKE LOPERFIDE, Respondent.

First Department, November 3, 1922.

Landlord and tenant — action to recover rent of store — tenant dwelt in three rooms in rear of store — rent of store increased and defense to action was that it was unreasonable — Emergency Rent Laws not applicable — tenant liable for increased rent.

Where the lease is of a combined store and dwelling, the Emergency Rent Laws suspend the right of plaintiff to have his complete relief so far as the dwelling portion is concerned, but do not apply to the store.

Accordingly, it is no defense to an action to recover rent of a store that the rent is unreasonable, though the tenant and his family lived in three rooms in the rear of the, store.

APPEAL by the plaintiff, Tommaso Giordano, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of Bronx on the 16th day of March, 1922, affirming a judgment of the Municipal Court, Borough of The Bronx, First District, in favor of the defendant.

*Charles P. Hallock,* of counsel, for the appellant.

*Craig & Craig* [*Maurice Borowsky* of counsel], for the respondent.

FINCH, J.:

The action is for one month's rent of a store. The facts, so far as necessary to present the questions decided, are briefly as follows:

The defendant occupied, as tenant of the plaintiff, a store and dwelt with his family in three rooms in the rear, paying for both to the plaintiff the sum of $65 per month. The plaintiff duly notified the defendant that on and after the first day of October the rent of the store would be $100. To this the defendant paid no attention, and plaintiff brought the action to which the defendant answered, unjust and unreasonable rent and oppressive agreement.*

Plaintiff should have been allowed to recover, since the Emergency Rent Laws have no application to other than dwellings. (*Jackson* v. *Grey,* 197 App. Div. 656; *Rockaway Point Co., Inc.,* v. *Friberg,* 198 id. 923.)

Where the lease is of a combined store and dwelling, the Emergency Rent Laws suspend the right of a plaintiff to have his complete relief so far as the dwelling portion is concerned. (*Rockaway Point Co., Inc.,* v. *Friberg, supra.*) When the defendant remained in the store after the receipt of the notice from the plaintiff, the assent of the defendant to the increased rent was implied. (*Despard* v. *Walbridge,* 15 N. Y. 374, 376.) Plaintiff made no attempt to recover possession of the living quarters of the defendant. These living quarters had the right of ingress and egress through the store, and such easement will remain until plaintiff shall have provided another suitable entrance.

It follows that the determination and judgment in favor of the defendant should be reversed, with costs in this court and in the Appellate Term, and judgment directed for the plaintiff for $100, with interest and costs.

CLARKE, P. J., DOWLING and PAGE, JJ., concur; GREENBAUM, J., concurs in result.

Determination and judgment reversed, with costs to appellant in this court and in the Appellate Term, and judgment directed to be entered in favor of the plaintiff for the sum of $100, with interest and costs.

---

* See Laws of 1920, chap. 944, as amd. by Laws of 1921, chap. 434. Since amd. by Laws of 1922, chaps. 663, 664.— [REP.