William Kapelman, J.
Plaintiffs, landlords, sue defendants, former tenants, to recover (1) $100 — rent for month of October, 1962, for commercial space decontrolled (2) $110 for damages to premises during defendants’ occupancy. Defendants plead a general denial and counterclaim for $150 — against plaintiffs alleging that plaintiffs had agreed to pay defendants said sum for painting premises, which plaintiffs have refused to pay although payment therefor was duly demanded.
After trial, findings of fact and conclusions of law having-been waived, upon all of the credible evidence, judgment for plaintiffs in the sum- of $162, with interest from October 16,1962. The court has heretofore dismissed defendants’ counterclaim upon motion by plaintiffs at close of defendants’ ease, by reason of,defendants’ failure to make out a prima facie case upon such counterclaim'. ■
The sum of $162 awarded as judgment to plaintiffs herein, is constituted by the allowance of $78.50 for rent, upon the first *274 cause of action, and $83.50 damages to plaintiffs’ premises upon the second cause of action.
The question is raised as to the legal efficacy of a notice mailed by registered mail by plaintiffs to defendants, which says only that “ the monthly rent for the above premises, beginning October 1, 1962, will be $100 per month payable in advance.” The premises were decontrolled at the time of the lease between the parties which was for a three-year term ending January 31, 1960, at $78.50 per month. Thereafter the defendants remained in possession of the premises at the same monthly rental through September, 1962. There was no specific agreement between the parties concerning the tenancy, and this was therefore a month-to-month tenancy pursuant to section 232-c of the Real Property Law. On August 22, 1962, the plaintiffs sent defendants the notice quoted above, effective October 1, 1962. The tenants remained in possession of the premises after October 1, 1962, and plaintiffs caused to be served upon them on October 13,1962, a precept and petition in summary proceedings of dispossess. Those proceedings were never concluded because of defendants ’ removal from the premises two or three days after service upon them. No rent in any amount was paid by defendants for their occupancy on and subsequent to October 1, 1962.
Plaintiffs are here allowed rent for October in the sum of $78.50. The tenancy having become month-to-month, it could only be terminated by a notice served upon the tenant in the same manner in which a precept in a summary proceeding is served (Real Property Law, § 232-a). Such tenancy continued for the month of October, 1962, under the same terms in effect when the monthly tenancy began on February 1, 1960. The notice directing a rent increase mailed by the plaintiffs on August 22, 1962, was a nullity. Obviously, it did not seek to terminate the tenancy but only to increase the rent. ‘ ‘ An increase in rent is a change in the terms of a tenancy and thus creates a new tenancy. Rent is one of the principal terms in any tenancy. Before the increase in rent can be effected there must be a legal termination of the existing tenancy.” (Haiss Realty Co. v. Square Binding & Ruling Co., N. Y. L. J., Nov. 30, 1962, p. 18, col. 1, Civ. Ct. of City of N. Y., Bronx County, Trimarco, J.) Further, even if there was included a notice to quit in the letter of August 22, with a statement in the alternative, that if tenants remained they did so at the increased rental, which procedure received the apparent approval of the court in Best Realty Corp. v. Luftig (234 N. Y. S. 2d 462), it would have been ineffective in the case at bar because of its mode of service, the service employed not being in compliance *275 with the specific provisions of section 232-a of the Real Property Law (Haiss Realty Co. v. Square Binding & Ruling Co., supra).
The court has examined each of the cases cited by the attorney for the plaintiffs in support of the proposition that tenant, having been notified of rental increase, must pay such increase if he chooses to remain on premises, the law implying an agreement by the tenant to accept such new terms by his remaining in possession (4145 Corp. v. Brown, 19 Misc 2d 957 [App. Term, 1st. Dept.]; South Carolina Leasing Co. v. Allen, 32 Misc 2d 659 [App. Term, 2d Dept.]; Joffe v. Drake Business School, 35 Misc 2d 442 [App. Term, 2d Dept.]; Fordham Hill Associates v. Fiebach, 21 Misc 2d 277; Best Realty Corp. v. Luftig, supra; Farrell v. Woodward, 101 Misc. 560 [App. Term, 1st Dept.]; Giordano v. Loperfide, 203 App. Div. 164 [1st Dept.]; Commercial Cable Bldg. Co. v. McKenna, 168 N. Y. S. 13 [App. Term, 1st Dept.]). The distinction between these cases and our case is clear. In each of the former, notice of increased rent was given by the landlord to the tenant, prior to the expiration of the lease term and before the monthly tenancy began. Therefore, upon the expiration of the lease, the new month-to-month tenancy was upon the increased rental basis. There was no lower rental tenancy, except the lease which expired by its own terms, hence nothing to terminate requiring summary proceedings notice. The informal notice of V. G. C. Realty Corp. v. Rosa (193 N. Y. S. 2d 678) was sufficient. To same effect see section 1045 of Basch, Landlord and Tenant and Summary Proceedings (Giampaolo v. Anatra, 191 Misc. 999, affd. 192 Misc. 428 [App. Term, 2d Dept.]). The cited case of Giampaolo v. Anatra is also patently distinguishable. That case involved “ controlled ” premises when the Housing and Bent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 et seq.) prohibited the tenant’s removal except in certain cases, not there applicable. Therefore, the notice to quit provision of section 232-a of the Beal Property Law did not pertain since there was no holdover tenancy to terminate.
Finally, defendants claim that there should be a rent apportionment for October because of their removal after service of precept upon them on October 13, 1962. This is disallowed. Bent was due on October 1, 1962, and there can be no defense to it because of a subsequent removal, voluntary, involuntary or semi-voluntary, during the month (Rasch, Landlord and Tenant and Summary Proceedings, § 829; Sperry v. Miller, 8 N. Y. 336; Hampton v. Flessler, 133 Misc. 705 [App. Term, 1st Dept.]).