Samuel A. Spiegel, J.
This is an action instituted by the plaintiff for the return of security under a lease held by the defendants in the sum of $800. Plaintiff and defendants are tenant and landlord respectively. The premises are decontrolled.
On December 1, 1955, the parties through their respective assignors entered into a five-year lease. Before the expiration of said lease it was extended to November 30, 1962 by mutual agreement. The monthly rent was $425. On November 9, 1962 the plaintiff tenant was advised by letter from the defendants’ counsel to vacate the property upon the expiration of the lease, to wit, November 30, 1962. It also stated: “ If you desire to continue as a month to month tenant commencing December 1st, 1962, the monthly rent will be $1000.00.” The plaintiff tenant continued in possession of said leased premises after the expiration date of the lease. On December 5, 1962, the plaintiff tenant forwarded to the defendants landlord a check in the sum of $425 as the rent for said month. On the same day, the landlord defendants wrote to the plaintiff tenant that it was depositing the check, without prejudice, as part payment of the requested monthly rent of $1,000, and also requesting the balance of the December rent, to wit, $575. The plaintiff tenant vacated the rented premises on December 31,1962. Thereafter, said plaintiff tenant demanded the return of said security of $800 deposited under the expired lease, which was refused. This action was then commenced. The defendants landlord interposed an answer containing a counterclaim and offset for the rent in the sum of $1,000 for the month of December, 1962 and $66.90 for water and sewer charges making a total of $1,066.90. Defendants landlord credit the plaintiff tenant with the $425 received on account of the December, 1962 rent and the security of $800, making a total credit of $1,225. The defendants landlord acknowledge that they owe the plaintiff $156.10, which is the difference between the $1,066.90 debit and $1,225 credit. It is conceded that there is no dispute as to the water and sewer charges of $66.90.
*727 In the agreed statement of facts submitted to the court, the proposed question to be determined by the court is as follows : “ Was the plaintiff-tenant entitled to the thirty-day (30 day) notice as set forth in Section 232-a of the Beal Property Law or merely reasonable notice as set forth in Sec. 232-c of the Beal Property Law. ’ ’
In order to properly determine this question, the court must also ascertain if there is a distinction as to when a landlord is entitled to an increase in rent under a month-to-month tenancy and under an expiring lease of decontrolled premises. Section 232-a of the Beal Property Law read, prior to its amendment, as follows: “ Notice to terminate monthly tenancy or tenancy from month to month in the city of New York. No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in same manner in which a precept in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” (§ 232-a, as amd. by L. 1962, ch. 312, subd. 4, eff. Sept. 1, 1963, changed only “ a precept in summary proceedings,” to “a notice of petition in summary proceedings ”.)
Section 232-a obviously applies only to month-to-month tenancies and to the procedure a landlord must comply with in order to terminate a month-to-month tenancy as a prerequisite to the commencement of summary proceedings to remove such tenant.
However, in this case, the landlord concedes that they did not seek to dispossess this tenant under section 232-a. Bather, they urge that their demand for an increased rental of $1,000 a month for the month of December, 1962, is binding upon the tenant pursuant to section 232-c. Section 232-c reads as follows: ‘ ‘ Holding over by a tenant after expiration of a term longer than one month; effect of acceptance of rent. Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant’s holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall *728 accept the rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term.”
In effect, section 232-c holds that acceptance of rent from a holdover of a term lease shall create a month-to-month tenancy unless an agreement is made providing otherwise.
In the case at bar, it was the expiring lease which terminated the tenancy. No 30-day notice under section 232-a was necessary to terminate the tenancy. Pursuant to section 232-c the plaintiff tenant when it stayed past the expiration date of the lease was transformed into a month-to-month tenant. The only possible purpose then that the landlord’s notice prior to the expiration of the lease was intended to serve was for an increased rental in the event that the plaintiff tenant held over beyond the termination date of its lease. Did this notice create a month-to-month tenancy at the increased rental demanded by the landlordf
In cases where there is a month-to-month tenancy in existence at the time that the landlord sends the demand for an increase of rent, a different rule of law applies. To obtain an increase of rent where the tenant is already on a month-to-month basis there must first be a termination of the existing tenancy since a landlord may not unilaterally modify the terms of the existing agreement.
In the recent case of Pecoraro v. Ryan (39 Misc 2d 949) involving an existing monthly tenancy, the landlord’s notice stated that the rent was to be increased and that the tenant, if he remained after the date of increase, would be understood to have agreed to the increase in rent. The court held that the attempted increase was ineffective without the prerequisite compliance with the procedure set forth in section 232-a.
In another recent case, Aronson v. Markulin (39 Misc 2d 273), a notice of increase in rent was sent to the month-to-month tenant without the 30-day notice of termination of tenancy required by section 232-a. The court held that the demand for an increase in rent was not effective. It should be noted that in both the Pecoraro and Markulin cases (supra) a monthly tenancy was already in existence. These two cases must be distinguished from those in which the lease of the tenant was still in existence at the time notice of the increased rent was given by the landlord (4145 Corp. v. Brown, 19 Misc 2d 957 [App. Term, 1st Dept.]; Joffe v. Drake Business School, 35 Misc 2d 442; Best Realty Corp. v. Luftig, 234 N. Y. S. 2d 462; Farrell v. Woodward, 101 Misc. 560; Giordano v. Loperfide, *729 203 App. Div. 164; Commercial Cable Bldg. Co. v. McKenna, 168 N. Y. S. 13).
In the case of V. G. C. Realty Corp. v. Rosa (193 N. Y. S. 2d 678, 680), the court stated: “ A tenant who remains in possession of decontrolled premises after the expiration of its lease is in law deemed to hold over at the increased rental fixed by the landlord in the notice sent before the lease expired.” The court in that case further stated that section 232-a of the Beal Property Law did not govern the matter of service of notice for an increased rental.
Since the 30-day notice to monthly tenants required under section 232-a does not apply to the case at bar, what is the proper notice required? Section 232-c contains no provision as to the notice required to effectuate an increased rental from a nonmonth-to-month holdover tenant, nor does any other statute apply. Accordingly, then, we must turn to the case law.
In the case of Fordham Hill Assoc. v. Fiebach (21 Misc 2d 277) the court stated: ‘ ‘ The tenants by remaining in possession of decontrolled premises after the expiration of their lease are in law deemed to hold over at the increased rental fixed by the landlord in the notice sent before the lease expired”. In the case of South Carolina Leasing Co. v. Allen (32 Misc 2d 659 [App. Term, 2d Dept., 1961]) the court held: “ By remaining in possession after the expiration of his lease, the tenant is deemed to have assented to the increased rental fixed by landlord in the notice sent before the lease expired.” There is no reference in either case as to the amount of notice given for an increase in rent.
Accordingly, the court can only logically deduce that, in each case referred to above, reasonable notice depending upon the facts and circumstances in each case was the determining factor. In the case of V. G. C. Realty Corp. v. Rosa (supra, p. 680) Judge Klotz said: ‘ ‘ There appears to be no requirement in law that a notice of increased rental be in any required form or that it be served in any required manner. It is sufficient if reasonable notice is given to a tenant of decontrolled space that an increased rental is fixed for such space if the tenant remains in possession at the expiration of the current rental period.” (Emphasis ours.) (Also, see, 1 Basch, Landlord and Tenant, § 159, 1963 Cum. Supp., pp. 53-54.)
In the case at bar the original lease between the assignors of the parties hereto provided in paragraph “ 31st” that the tenant could renew the lease for an additional two years, and “ that there shall be no option for a further renewal.” The parties thereafter extended the original five-year lease for an *730 additional two years and the lease was to terminate November 30,1962. Accordingly, the plaintiff tenant, when it obtained the assignment of this lease in 1958, was on notice of the expiration date of the lease. In 1960, after exercising its option, the tenant knew that this lease would expire on November 30, 1962, unless it negotiated a further lease agreement, which it did not do. In addition to this two years’ knowledge of the termination date, the landlord gave 21 days’ notice of an increased rental if it held over beyond the termination date. It stayed over at its own peril. If a month-to-month tenant is only entitled to a 30-day notice of termination of tenancy and can then become subject to an immediate rent increase if it holds over, then a tenant who knows the termination date of its tenancy two years prior thereto cannot be permitted to avoid liability for an increased rental by a defense of only 21 days ’ notice of increase given prior to the expiration of its lease. The court holds that the notice for an increased rental was reasonable and effective. Accordingly, judgment is awarded to the plaintiff against the defendants for $158.10, with interest.