John Copertino, J.
Petitioner landlord brings this proceeding to evict for nonpayment alleging unpaid rent in the amount of $300 for the month of July. The original agreement between the parties provided for rent in the amount of $235 per month and contained a provision that the term would expire on June 30,1974. On May 30,1974, the petitioner notified the tenant that on July 1, 1974, the rent would be increased to $300 per month if the tenant did not vacate.
A default admits all the traversable allegations in the pleadings, but not the relief sought (McClelland v. Climax Hosiery Mills, 252 N. Y. 347; Cranston v. Walton-164th St. Corp., 115 N. Y. S. 2d 331).
In this proceeding the petition alleges the existence of a yearly lease at a monthly rental of $235, which lease expired on June 30, 1974. The basis for the new monthly rental of $300 which was to be effective July 1,1974, was a notice of said increase sent to the tenant. The default admits these allegations and the fact that the rent has been demanded and refused. Unfortunately, these admissions do not establish the existence of a tenancy.
Under the law, the holding over by a tenant upon the expiration of a term longer than one month, does not create a new tenancy unless the parties agree, or the tenant offers and the landlord accepts rent for a period subsequent to the expiration of the old lease (Real Property Law, l§ 232-c; Rasch, New York Landlord & Tenant [2d ed.], § 273). A landlord may not unilaterally create a new tenancy at an increased rental by merely serving the tenant with a notice that his holding over will have that effect. (Matter of Jaroslow v. Lehigh Val. R.R. Co., 23 N Y 2d 991; Farrell Lines v. City of New York, 63 Misc 2d 542, affd. 35 A D 2d 788, affd. 30 N Y 2d 76.) Upon the facts alleged and admitted there was no new tenancy created and the landlord’s remedy was to treat the tenant as a trespasser who could be removed in an appropriate summary proceeding. (Real Property Actions and Proceedings Law, § 711, subd. 1.)
Accordingly, the petition is- dismissed without prejudice to bringing a proceeding upon the proper grounds.