MARJE M. BESDINE, Plaintiff, *v.* MAX LEITNER, Defendant.

Municipal Court of New York, Borough of Brooklyn, Fourth District,
February 18, 1938.

*Solon B. Hanft,* for the plaintiff.

*Feit & Feit* [*Abraham Feit* of counsel], for the defendant.

WECHT, J.   This is a summary proceeding to remove a tenant from month to month, who held over the term for which the premises were hired.   It is conceded by both sides that this proceeding comes within the purview of section 228 of the Real Property Law.   The only remaining issue before this court is whether the thirty-day notice served on the tenant was a proper notice.

The notice served on the tenant on October 29, 1937, is set forth as follows:

" To:

" MAX LEITNER, Tenant of Premises:

" 170 New Lots Avenue

" Brooklyn, New York

" Please take notice that the undersigned, the owner and landlord of premises 170 New Lots Avenue, Brooklyn, New York, which you occupy, hereby elect to terminate your tenancy of the said premises to wit: 170 New Lots Avenue, store floor, to take effect the 30th day of November, 1937, and you will

" Please take further notice, that in the event you desire to remain as a tenant in the said premises, your rent on and after the 1st day of December, 1937, will be the sum of seventy-five ($75.00) dollars per month for your tenancy in that portion of the premises 170 New Lots Avenue, owned by me, and you will

" Please take further notice that in the event of your failure to remove from said premises on or before the 30th day of November, 1937, or in the event of your failure to pay the increased rent, that is, the sum of $75.00 per month as herein specified on the 1st day of December, 1937, and thereafter, summary proceedings under the statute will be brought to remove you from said premises.

" Dated: October 28th, 1937.

" [Signed]  MARJE M. BESDINE

" *Owner*

" by BERNARD BESDINE

" *Agent.*"

Since the tenant neither removed from the premises nor paid the increased rental for the month of December, 1937, this proceeding was commenced on December 6, 1937.

The petition sets forth that " at least thirty days before the expiration of the term aforesaid, there was served upon said Tenant * * * a notice in writing * * * that the said Landlord elected to terminate said tenancy, and that unless the said Tenant removed from the said premises on or before the day on which said term expired, the Landlord would commence summary proceedings under the Statute to remove said Tenant therefrom."

The statute referred to is section 1416 of the Civil Practice Act, which provides that " Where the person to be removed is a tenant at will or at sufferance the petition must state the facts showing that the tenancy has been terminated by giving notice as required by law."

Section 228 of the Real Property Law, which is the law referred to, states that " A tenancy at will or by sufferance * * * may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises."

It will be noted that the pertinent sections of the Civil Practice Act and the Real Property Law speak of nothing but the removal of the tenant. The allegations of the petition likewise speak of removal. But the notice served on the tenant speaks not alone of removal, but contains an invitation " to remain as a tenant." Does such an optional provision so weaken the entire notice as to make same ineffectual, or is it sufficient for removal and surplusage as to the option?

No decision has been brought to my attention, nor has any personal research disclosed a single case construing the question involved. All of the cases, however, having any bearing on this point, hold that section 228 of the Real Property Law must be strictly complied with. Thus, in *Witherbee, Sherman & Co.* v. *Wykes* (159

App. Div. 24) the notice was held to be insufficient, because it required the tenant to remove within thirty days from the date of service and not at the end of the month.

The principles of law applicable to a hold-over proceeding are quite different from those applying to a proceeding to dispossess a tenant for non-payment of rent, or for increased rental pursuant to a notice served on the tenant before the termination of a definite tenancy. In the first instance, the landlord desires possession of the premises and refuses the rent tendered by the tenant — possession is the objective. In the second, section 228 of the Real Property Law does not apply — the landlord demands payment of the rent, and he seeks possession of the premises only if the tenant cannot or will not pay; possession is the alternative relief demanded by the landlord. But to ask for possession and to invite a tenant " to remain " is logically incompatible. The moment the landlord recognizes that the tenant remained and demands payment of the rent, he admits a subsisting tenancy, and he can no longer demand possession of the premises.

In *Morgan* v. *Powers* (83 Hun, 298) it was held that where the landlord, after the expiration of a notice to quit, given to a tenant at will, gives a second notice, he thereby waives his right to proceed under the first notice. (See, also, *Fisher* v. *Rabinowitz*, 112 Misc. 78.) So it is in the instant case. This notice served on the tenant said distinctly that the tenancy would terminate on November 30, 1937. To demand rent on December 1, 1937, was quite inconsistent with the demand for possession of the premises on November thirtieth. On December first the landlord recognized the tenancy, which was terminated by the notice on November thirtieth. The tenant did just what the landlord invited him to do — " to remain." Can the landlord come in on December first, after he was refused the rent, and say that " he required him to remove from the premises? " I think not. I think that, if the landlord wanted the tenant to remove, he should have told him so unequivocally. If he wanted an increase in rent, then he waived his rights under section 228 of the Real Property Law. Both could not be asked of the tenant in one breath. By the utterance of the second (the demand for the rent), the landlord waived his right to the first (for possession), as in the *Morgan* case (*supra*).

I, therefore, find that the notice given was not a compliance with section 228 of the Real Property Law, and the motion to dismiss the proceeding must be granted.