JOHN ACIERNO, Landlord, *v.* ANNA KUTCHUK, Tenant.

Municipal Court of the City of New York, Borough of Brooklyn, August 22, 1949.

*Abraham Pruzan* for landlord.

*John L. Sullivan* for tenant.

BAKER, J. Tenant, under the agreement between the parties, went into possession of the premises and continues in possession thereof as a tenant from month to month.. None of the cases cited in landlord's memorandum supports the view that the emergency rent laws preclude the creation by agreement of month-to-month tenancies, or that, upon such laws becoming effective, those holding under such agreements become, *ipso facto,* " statutory tenants ". That appellation seems to be descriptive only of those tenants who continue in possession after the expiration of terms *fixed* in the agreement between the parties; (see opinion of MERRELL, J., in *Stern* v. *Equitable Trust Co.,* 208 App. Div. 13, affd. 238 N. Y. 267). It does not include those who hold on a month-to-month basis, and for a very simple reason. A month-to-month tenant holds for a term of indefinite duration. The statute (Real Property Law, § 232-a) prescribes the mode by which his right to continue in possession may be terminated. The emergency rent laws limit the right of election given the landlord by the statute, but the right is not proscribed. It continues to exist although conditions are imposed which must be met before it may be exercised. Until the valid employment by the landlord of the right to terminate, the tenant's term continues, and the agreement between the parties governs their relationship save as prohibited by express or implicit provision of the higher law. The whole scheme of the emergency rent legislation was to place restraints upon evictions and to prevent the exaction of excessive or unreasonable rents. It cannot be assumed that the Federal and local legislative bodies, by acts which state such a purpose, intended to deprive tenants of rights not inconsonant with the provisions of such acts, and theretofore possessed by them under local law.

To end the term of the tenant, *or to increase the rent for the premises,* the landlord was bound to serve upon her the thirty-day notice required by the statute (Real Property Law, § 232-a;

*A. & S. Construction Co.* v. *Brock,* 201 App. Div. 584; *Davis* v. *Jones,* 6 N. Y. S. 2d 963). See, also, *Clarke* v. *Shepard* (188 Misc. 588) where the Appellate Term, First Department, reversed a final order for the landlord for failure to comply with the provisions of section 232-a of the Real Property Law in respect to service of the thirty-day notice, thus holding, by necessary implication, that the mandate of the statute continues unaffected by the rent laws; and *Hunt* v. *Hart* (188 Misc. 534), *Ferraro* v. *Trifiro* (60 N. Y. S. 2d 679), *Di Perna* v. *Black* (187 Misc. 437), and *Cannon* v. *Gordon* (181 Misc. 950) to the same effect.

In the case of *Paray Realty Corp.* v. *Goodwine* (194 Misc. 539) the Appellate Term in the Second Department recognized the distinction between " statutory tenancies " and month-to-month tenancies, and wrote, *per curiam,* " The Housing Expediter's order adjusting the maximum rent upward was, by its terms made retroactive to May 26, 1948. No authority exists for giving such order retroactivity to any prior date. *Whether or not the landlord is entitled to receive the rent increase from the effective date indicated therein necessarily depends upon the nature of the tenancy. If it is a statutory tenancy, the order may be enforced from such date* (*Park View Gardens* v. *Greene,* N. Y. L. J., June 25, 1948, p. 2395, col. 4 [App. Term, 2d Dept.], affd. 274 App. Div. 1062); *otherwise, the landlord would be required to serve a thirty-day notice of increase in rent* (*Giampaolo* v. *Anatra,* 192 Misc. 428)." (Emphasis supplied.)

All of the cases cited by landlord herein involved situations where the tenants held over and continued in possession after the expiration of *fixed* terms, except *Tremont Crotona Co.* v. *Remer* (81 N. Y. S. 2d 530) and *Dawe Holding Corp.* v. *Castro* (84 N. Y. S. 2d 733), cited on page five of the landlord's brief, where the nature of the tenancy is not indicated.

I hold, accordingly, that the order of the Housing Expediter dated June 22, 1949, cannot be given retroactive effect, since no thirty-day notice of increase was given the tenant.

Moreover, I think the acceptance by the landlord of the rents reserved in the original agreement and the giving of receipts in full without reservation discharged all further obligation on the part of the tenant for rent covering the period in question, even assuming the order of the Housing Expediter had the effect contended by the landlord (cf. *McKenzie* v. *Harrison,* 120 N. Y. 260, 264).