ARBANA REALTY CORP., Appellant, *v.* MILTON HERSCHER et al., Respondents.

Supreme Court, Appellate Term, First Department, June 7, 1962.

*Turk, Marsh, Ouchterloney & Kelly* (*Francis O. Mayer* of counsel), for appellant. *Sirota & Kurta* (*Samuel Stempler* of counsel), for respondents.

*Per Curiam.* The four-day notice by the plaintiff landlord to the defendant tenants to remove from their space at the expiration of the lease term or their occupancy of the entire floor would be for another year on the same terms and conditions as in the expiring lease was insufficient and failed to afford the

tenants a reasonable time to respond. In the face of such inadequate notice the law will not imply a holding over for a period of a year but, pursuant to section 232-c of the Real Property Law, the tenancy shall be a tenancy from month to month.

The five-day notice requirement in the expiring lease had no applicability to the covenant to pay rent and to the tenants' responsibility for attorney's fees in connection with the institution of summary proceedings for nonpayment of rent.

The order on the motion in chief should be modified to the extent of granting summary judgment to plaintiff on its second cause of action and remitting the cause to the court below for assessment of damages. The order on the cross motion awarding summary judgment dismissing the complaint on the first cause of action is affirmed, as is the denial of summary judgment on the counterclaim. All without costs.

Concur — HECHT, J. P., HOFSTADTER and TILZER, JJ.

Order modified, etc.