Lewis S. Flagg, Jr., J.
This proceeding for nonpayment of rent has been brought by the landlords by reason of the tenant’s failure to pay an increased rent pursuant to notice. Landlords properly served a notice that the rent would be increased. Such notice stated that the landlords ‘ ‘ hereby increase your rent as tenant * * * commencing the 1st day of June 1963 to $175.00 per month, etc. Please take notice that if you remain in or be in occupancy of said premises * * * after that date, it will be understood that you have agreed to pay the aforesaid increased monthly rent ”.
The property is decontrolled and the tenancy is a monthly tenancy.
By virtue of section 232-a of the Real Property Law a monthly tenancy as well as a tenancy from month to month is now for an indefinite period and must be terminated by a 30-day notice. The notice sent by the landlords does not purport to terminate the tenancy. The question presented therefore, is whether in the absence of a termination of tenancy a landlord may unilaterally change the terms of an existing tenancy by increasing the rent. It seems to me that the mere stating of the question gives the answer. The landlords agreed to rent the property to the tenant at a given rental and the tenant agreed thereto. The agreement by virtue of statute is for an indefinite period which may, however, be terminated by either party. If the landlord desires to terminate, he is required to serve a 30-day notice upon the tenant which definitely and unequivocally terminates same. He may not unilaterally modify the terms of the agreement while it is still in effect, but this is in effect what the landlords have sought to do. The provision in the notice that if the tenant remains in occupancy after the date fixed therein for payment of the increased rent means nothing and is ineffec *950 tive to impose upon the tenant the obligation to pay the increased rent.
The cases cited by the landlords are inapposite to the situation here presented. While there are cases which hold that a landlord may increase rent by the mere giving of a reasonable notice or a 30-day notice, I am not in accord therewith. Bather I am in accord with the view expressed in Acierno v. Kutchuck (196 Misc. 514) and for the reasons herein stated.
Accordingly, a final order will be entered herein for the landlords for the month’s rent as fixed in the original rental agreement.