Francis J. Donovan, J.
In this summary proceeding, the landlords seek to recover $250 rent for the month of March, 1964. The lease was for one year at $125 per month terminating on February 29, 1964. The sole issue tendered at the trial was the effect of a notice delivered to the tenant prior to termination of the lease stating: 4 4 Beginning March 1, 1964 your rent is and will be Two Hundred and Fifty ($250.00) Dollars per month. ’ ’
Nonpayment of the rent, timeliness of the notice and occupancy beyond March 1, 1964 are all conceded.
At common law a landlord could unilaterally fix a greater rental or different terms than those in the prior leasing and these became binding solely by tenant’s remaining in possession.
The rule is thus stated in Farrell v. Woodward (101 Misc. 560, 566) : " The landlord, as owner, has, upon the termination of a lease, the sole right of possession of the premises, and he alone has the consequent right to prescribe the terms upon which either a new or a continued occupancy thereof shall be enjoyed. ”
More recent cases in support of this principle will be found collated in Ungar v. Schwartz (30 Misc 2d 152, 155). In the latter case the court said:" In principle, if such a notice [notice of increase at end of term] is effective for the purpose of creating a new provision as to rent, it would appear equally effective to create a new term.”
The landlord’s right to increase the rent is incidental to and flows from his right to unilaterally fix the terms and conditions of the new occupancy.
This brings us to a consideration of the effect of section 232-c of the Beal Property Law. The new statute took effect on September 1, 1959 and has limited the common-law right of the landlord.
The general purpose of the statute is discussed in detail in the footnote appended to Ungar v. Schwartz (supra, pp. 156, 157).
The landlord may no longer dictate terms or conditions which automatically bind the tenant who, as here, remains in possession after the end of a term of more than one month.
The notice increasing the rent to $250 was of no effect. No rent has been tendered or accepted and therefore no month-to-month tenancy has been created under the statute. Since no new agreement has been proven, the tenant is a holdover liable for use and occupation.
Judgment maybe' entered awarding possession of the premises to the landlords with the sum of $125 as the reasonable value of the use and occupation of the premises.