Per Curiam.

Judgment unanimously reversed on the law and on the facts. It was error for the lower court to dismiss the summary proceeding for nonpayment of rent and for a judgment for rent arrears on the ground that it lacked jurisdiction, because the tenant had vacated the premises after the service of the precept and petition, but prior to the trial. The court was not divested of jurisdiction, as the tenant vacated the leased premises after jurisdiction had been obtained and, if the landlord proved itself entitled to it, a final judgment should have been entered.
This tenant, who remained in possession of decontrolled premises after the expiration of his lease, is deemed to have held over at the increased rental fixed by the landlord in the written notice delivered 30 days before the lease expired. The landlord demanded the rent each month and the tenant offered only the lower rental which had been the rental under the expired lease, and which the landlord refused to accept. The landlord, therefore, proved itself entitled to a final judgment dispossessing the tenant for nonpayment of rent and a judgment for rent arrears in the sum demanded.
The judgment should be reversed, with $30 costs, and final judgment directed in favor of the landlord awarding it possession of the premises described in the petition, together with a judgment for rent in arrears in the sum of $1,010, with costs.
Tilzbr, J. P., and Hecht, J., concur; Hoestadter, J., dissents in part in the following memorandum: I agree that the court below did not lose jurisdiction when the tenant moved out, but the judgment for landloi'd should be limited to $900. While tenant had not paid the May rent, he did have a security deposit in like amount. The lease expired June 14, 1963. The petition in this proceeding, brought more than two months later, did not include the May rent and the inference may be drawn that the landlord had applied the security to the May rent — or, at least, the lower court could so find. I, therefore, dissent from so much of the decision as awards landlord more than $900,