Arnold L. Fein, J.
The issues in this proceeding having come on for trial before the court without a jury, final judgment of possession is rendered in favor of the petitioner against the respondent awarding to said petitioner delivery of the premises described in the petition by reason of nonpayment of rent in the sum of $200; and, it appearing that demand is made in the notice of petition for judgment for rent in arrears, the court determines that the amount of rent due to the petitioner is the sum of $200 July, 1965 rent.
This nonpayment proceeding has been brought by landlord for failure of tenant to pay an increased rent for July, 1965 pursuant to notice. Tenant is a month-to-month tenant of uncontrolled residential premises. On April 28, 1965, landlord served a notice on tenant, dated April 14,1965, purporting to terminate the tenancy on May 31, 1965. Tenant having failed to remove, landlord instituted summary holdover proceedings on June 16, 1965.
On June 2á, 1965, while said holdover proceeding was pending, landlord served three written notices on tenant:
(1) Increasing the rent from $200 to $400 per month, commencing July 1, 1965, premised on the prior notice terminating the tenancy as of May 31,1965.
(2) Terminating the tenancy, effective July 31,1965, “ in the event” the April 14 termination notice “ shall * * * be determined to be ineffectual.”
(3) Increasing the rent from $200 to $400 per month, commencing August 1, 1965, “ in the event ” the notice increasing *926 the “ rent as of July 1, 1965 shall * * * be determined to be ineffectual.”
On June 28, tenant advised landlord in writing that (1) tenant’s remaining beyond July 1 was not to be deemed an agreement to the rent increase, (2) there was no longer a landlord- and-tenant relationship in existence, and (3) tenant was unable to remove prior to July 1, because suitable other accommodations could not be found.
On June 30, on landlord’s application, the holdover proceeding, premised on the April 14 termination notice, was discontinued with prejudice, over tenant’s objection. The instant proceeding for nonpayment of July rent in the increased amount of $400 was instituted on the petition of landlord’s agent dated July 2.
Tenant defends on the grounds: (1) the notices were equivocal and contradictory; (2) there is no longer a landlord-tenant relationship, by reason of the April 14 termination notice and the institution of the holdover proceeding; (3) the notice of rent increase was not reasonable; (4) landlord does not seek a bona fide rent increase, but is using the increase, asserted to be unreasonable, as a device to avoid the stay to which tenant might have been entitled in the holdover proceeding.
Tenant, as a month-to-month tenant, was entitled to 30 days’ notice of termination of his tenancy (Real Property Law, § 232-a; Pecoraro v. Ryan, 39 Misc 2d 949; Rita Knitting Mills v. Seidler, 40 Misc 2d 725). The cited cases establish the requirement of such termination as a predicate for notice of a rent increase thereafter, respecting a month-to-month tenant (Acievno v. Kutchuk, 196 Misc. 514). The April 14 notice, terminating the tenancy, effective May 31, 1965, would have accomplished that purpose. However, landlord voluntarily terminated the holdover proceeding premised on that notice, with prejudice, perhaps to avoid a possible stay available under section 753 of the Real Property Actions and Proceedings Law. Whatever the reason, landlord cannot now rely on that notice as terminating the tenancy. Moreover, the June 24 notice, increasing the rent as of July 1, given during the pendency of the holdover proceeding, was inconsistent with the holdover proceeding. It left the tenant in an equivocal position. Landlord was advising him, at one and the same time, that if he remained after July 1, (1) he would be a trespasser, and (2) he would be a tenant at an increased rental. Landlord cannot have it both ways. (See Janes v. Paddell, 74 Misc. 409; Besdine v. Leitner, 166 Misc. 658; Morgan v. Powers 83 Hun 298.)
*927 A notice in the alternative, increasing the rent or requiring the tenant to quit, has been held proper (Best Realty Corp. v. Luftig, 234 N. Y. S. 2d 462; Aronson v. Markulin, 39 Misc 2d 273). However, such is not the case here. On June 24, at the time the tenant received the notice of rent increase commencing July 1, he had a right to believe his tenancy was terminated by the earlier notice, subject of the then pending holdover proceeding. It was not until June 30, when landlord discontinued the holdover proceeding with prejudice that tenant knew his tenancy was not terminated. If valid, the rent increase would take effect the next day. In these circumstances, the notice of rent increase was not reasonable notice. Landlord is accordingly not entitled to $400 rent for July, 1965.
In order to obtain a rent increase from a month-to-month tenant, absent agreement between landlord and tenant, the tenancy must first be terminated by a 30-day notice. Thereafter, reasonable notice of the rent increase must be given. Thirty days’ notice has been held reasonable and appears proper (Acievno v. Kutchuk, 196 Misc. 514, supra; A. & S. Constr. Co. v. Brock, 201 App. Div. 584; Davis v. Jones, 6 N. Y. S. 2d 963; see Liza Realty Corp. v. Machlus Leather Goods, 43 Misc 2d 57; 2 Rasch, Landlord and Tenant, Supp. § 1045; V. G. C. Realty Corp. v. Rosa, 193 N. Y. S. 2d 678). Rita Knitting Mills v. Seidler (40 Misc 2d 725) and similar cases, cited by landlord, are not to the contrary. In each such ease the leases or tenancies terminated by their own terms, so no notice of termination under section 232-a of the Real Property Law was required. Nor can an implied agreement to pay the increased rental, founded upon the tenant’s holding over, be spelled out under the circumstances of the instant case, contrary to the facts in Best Realty Corp. v. Luftig (234 N. Y. S. 2d 462, supra); South Carolina Leasing Co. v. Allen (32 Misc 2d 659); see Fordham Hill Assoc. v. Gelbert (9 Misc 2d 721).
The court has not considered the notices purporting to terminate the tenancy as of July 31, or to increase the rent commencing August 1, since the sole matter sub ju-dice is the question of landlord’s right to the increased rent for July. It is not necessary to decide whether such notices further invalidated the notice purporting to increase the July rent, nor to consider tenant’s contention that landlord’s procedure was designed to circumvent the stay authorized in holdover proceedings. Tenant’s argument, that there is no longer a landlord-tenant relationship, by reason of the April 14, 1965 notice of termination, must be rejected in the light of the discontinuance *928 of the holdover proceeding with prejudice. Tenant cannot have it both ways.
The tenancy not having been terminated and reasonable notice of the increase not having been given, landlord is entitled only to the agreed upon rent of $200 for the month of July.
It is adjudged that the amount of rent due the petitioner is the sum of $200, and judgment is given to the petitioner against the respondent for the said amount so determined to be due, together with disbursements in the sum of $-.
Issuance of warrant stayed to and including October 29, 1965.