Ablest Murray Myers, J.
On the court’s own motion, the within decision is recalled and amended to read as f ollows:
Petitioner landlord has instituted this summary proceeding to recover possession of noncontrolled residential premises by reason of nonpayment of rent for the month of September in the sum of $352. Respondent tenant has interposed an answer containing a general denial and three affirmative defenses.
The first defense put in issue jurisdiction of the court over respondent based on defective service. Proper service was sustained in a pretrial hearing conducted by this court on September 27.
The other two defenses are: (1) an oral contract to extend the tenant’s lease on the same terms until the landlord could offer the tenant a one-bedroom apartment; and (2) failure to give the 30 days’ notice required by section 232-a of the Real Property Law.
The tenant has failed to sustain her burden of proof as to the oral contract; and the landlord was not required to give 30 days’ notice to terminate the tenancy either under the provisions of the lease or pursuant to section 232-a of the Real Property Law. (Cf. Shelton Bldg. Corp. v. Baggett, 188 Misc. 709; Lidsky v. Bragarnick, N. Y. L. J., April 26,1968, p. 15, col. 1 [App. Term, 1st Dept.]; Rita Knitting Mills v. Seidler, 40 Misc 2d 725.)
We come now to the substance of the case. The tenant has occupied the premises by virtue of a written lease entered into with the landlord on August 11, 1966 for a term of two years which expired on August 31,1968, at a stipulated rental of $176 per month. On May 17, 1968, the landlord made an offer of a three-year lease at $205 per month, which offer expired on June 1,1968, without being accepted by the tenant.
Thereafter on July 30, 1968, the landlord sent the tenant a letter by certified mail notifying her that if she continued in possession of the premises after the expiration of her lease it will be deemed that she had consented to remain as a month-to-month tenant at a rental of $352 per month. This letter was returned unopened to the landlord. The landlord claims that on August 15 it sent a similar letter to the tenant by ordinary mail. The tenant denies that she ever had received it. On August 30 the tenant tendered, as rent for the month of September, the amount fixed under the expired lease, which the landlord refused to accept and returned on September 4 with a letter informing the tenant that, “ as stated in our letter dated August 15, 1968, your rent for apartment 15A starting September 1, 1968 has been increased to $352.00.”
*356 The question is whether under the circumstances respondent is a month-to-month tenant at a rental of $352 per month or a trespasser or holdover liable only for use and occupation. It has been stipulated at the trial that if she is found to be a holdover, use and occupation would be $205 per month.
Even prior to the enactment of section 232-c of the Real Property Law it was held that a tenant holding over after he had received a notice from his landlord requiring that he pay an increased rental in the event of his election to hold over, could not be held liable for the increased rental if he did not expressly or impliedly agree to pay the increase. (Henrichson v. Fulton, 183 Misc. 914.) Section 232-c specifically provides that, “holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant’s holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement express or implied is made providing otherwise, the tenancy created by the acceptance of such rents shall be a tenancy from month to month ”. Since the landlord did not accept the tendered rent, no month-to-month tenancy was created by statute. There having been no express contract, there remains only the question whether a monthly tenancy at a rental of $352 was created by an implied contract; to wit, by remaining over after having been informed of the new terms respondent impliedly assented to such terms. (Rita Knitting Mills v. Seidler, 40 Misc 2d 725; South Carolina Leasing Co. v. Allen, 32 Misc 2d 659; Best Realty Co. v. Luftig, 234 N. Y. S. 2d 462.)
It is stated, “that ‘ contract ’ requires conscious assent to terms proposed by another”. (1 Corbin, Contracts, § 59, p. 245.)
Let us assume that respondent did receive the landlord’s letter of August 15 several days thereafter. Can she be held to an implied contract at a higher rental merely by remaining over to September, and in spite of the fact that she obviously rejected the landlord’s offer by refusing to pay the higher rental, and tendered the old rental fixed in the expired lease?
I think not. While the landlord can get possession in a holdover proceeding, he cannot unilaterally and arbitrarily hold the holdover tenant to a new tenancy at his terms via the implied contract route, unless there is indeed a new contract to be implied from the facts. Since section 232-c of the Real Property Law prevents the landlord from holding ‘ ‘ the tenant for a new term solely by virtue of the tenant’s holding over,” there must *357 be more than the mere passage of time after the receipt of an increase of rent notice before a new tenancy will be implied.
A new tenancy by operation of law occurs only where in addition to the holding over the parties do some act or acts from which it is necessarily implied that they have both agreed to a new tenancy — acts which are necessarily consistent with a new agreement. Here, the tenant immediately rejected and resisted a new tenancy at an increased rental.
I find no such implied contract from the facts in this case. Respondent is a holdover. She shall pay for use and occupation of the premises the sum of $205 per month. (See Lidsky v. Bragarnick, N. Y. L. J., April 26,1968, p. 15, col. 1 [App. Term, 1st Dept.]; Accolade Realty Corp. v. Terry-Dibble, Inc., N. Y. L. J., May 5, 1967, p. 18, col. 3 [App. Term, 1st Dept.] ; Matter of Lantz v. Metaxas, 48 Misc 2d 924; Clukies v. Wright, 42 Misc 2d 331; Arbana Realty Corp. v. Herscher, 35 Misc 2d 392.)
In the case of Lidsky v. Bragarnick (supra) the Appellate Term held that, “ Since the landlords are clearly entitled to possession and the claim for rent is merely incidental thereto, we affirm * * * possession to the landlords As in the case at bar, that proceeding was also a nonpayment proceeding in this court (Index No. 44507-67). I will follow the precedent set in that case and grant possession to the landlord, giving preference to substance over form; that is, I will treat the proceeding as a holdover, for possession is the relief the petitioner is really seeking.
Let final judgment be entered accordingly. The issuance of a warrant is stayed until February 14, 1969, provided that the respondent shall continue to pay for use and occupation at the rate of $205 per month in advance on the 1st day of each and every month.