Dominick Corso, J.
This is a summary proceeding for nonpayment. Tenant occupies a decontrolled apartment in premises 2214 Avenue IT., Borough of Brooklyn, County of Kings, as a month-to-month tenant. On October 24, 1969, the tenant was personally served with a 30-day notice, which stated the following:
*961 ‘ ‘ Please take notice that the landlord of the above described premises hereby increases your rent as tenant of said premises, commencing the 1st day of December, 1969 to $200 each month, payable in advance on the first day of each month.
‘ ‘ Please take further notice that if you remain in or be in occupancy of said premises or any part of same after that date, it will be understood that you have agreed to pay the aforesaid increased monthly rent, in accordance with the terms of this notice.”
The tenant’s rent for the months prior to receipt of such notice had been at the rate of $95 per month. The tenant remained in possession beyond the date of the notice, that is, December 1, 1969, and has refused to pay the increased rent of $200 per month, as fixed in the notice. Hence, this summary proceeding was commenced by the landlord for nonpayment of increased rent.
The landlord contends that tenant, having received timely notice of an increase in rent, and having elected to remain in possession beyond the effective date of such increase, is obligated to pay the increased rent.
In support of his position, landlord cites Despard v. Waldbridge (15 N. Y. 374, 376) decided in 1857, in which the court held that a landlord who “ states the terms on which the unexpired lease of ¡the latter [tenant in possession] may be renewed ” and “ is met by continued occupation without other reply” lays the foundation for a contract that constitutes in law a virtual assent to the terms prescribed in the notice. Landlord also cites South Carolina Leasing Co. v. Allen (32 Misc 2d 659): Kaufman v. Bartels (182 Misc. 128); 4145 Corp. v. Brown (19 Misc 2d 957) and Harrison v. Berkowitz (202 Misc. 799). In these cases the courts held the tenant liable for the increased rent fixed by the landlord in the notice sent to the tenant.
In 4145 Corp. v. Brown (supra, p. 957) the Appellant Term stated: ‘‘ where a landlord notifies a tenant of decontrolled premises that if he holds over after the expiration of his lease [term], he will have to pay an increased rental and the tenant does continue to remain in the premises after the term expires, then the law will imply from such holding over an agreement by the tenant to accept such new terms. The fact that the tenant may have expressed his objections to such an increase will be of no avail if after the expiration of his term he continues in possession.” (Citing also Fordham Hill Assoc. v. Fiebach, 21 Misc 2d 277.)
Landlord further contends that while .section 232-c of the Real Property Law changed the common-law rule with respect to a *962 holdover tenant whose term is longer than one month, in the case of a month-to-month tenant, as in this instance, whose term is not longer than one month, by specific exclusion in section 232-c of the Beal Property Law, such tenant continues subject to the common-law rule that a holdover tenant remaining in possession after the expiration of his term is deemed to hold over at the increased rental, fixed by the landlord in a timely notice upon him.
This court finds that the landlord’s position is untenable. The cases above cited, as well as the other citations called to the court’s attention in the landlord’s memorandum of law are no longer controlling. (See Real Property Law, § 232-c; Matter of Jaroslow v. Lehigh Val. R. R. Co., 23 N Y 2d 991.) The original tenancy in the instant case had its birth in an agreement arrived at between the landlord and tenant. A new tenancy must have the same origin. The mere giving of a notice to a month-to-month tenant that his rent will be increased upon his holding over, and tenant does hold over, cannot be deemed an assent by the tenant to the new tenancy at such increased rental. (Pecoraro v. Ryan, 39 Misc 2d 949; Salamone & Co. v. Menon, 58 Misc 2d 354.) The notice in the instant case unilaterally sought to change the terms from $95 per month to $200 each month. There was no termination of the tenancy, pursuant to section 232-a of the Beal Property Law. Absent a 30-day notice of termination, of the existing month-to-month tenancy served pursuant to section 232-a, the landlord’s notice of a rental increase was ineffective. (Matter of Lantz v. Metaxas, 48 Misc 2d 924; Pecoraro v. Ryan, supra; Acierno v. Kutchuk, 196 Misc. 514.) The change sought must be effected by an agreement of the parties, either express or implied, or by some act of the tenant other than just holding over, from which it appears that he has agreed to a new tenancy.
As to the landlord’s contention with respect to the effect of section 232-c on a tenant whose term is not longer than one month, as in the instant case, this court disagrees. Section 232-c provides, “ Where a tenant whose term is longer than one month holds over after the expiration of such term * * * the landlord may proceed to remove the tenant, or, if the landlord shall accept rent for any period subsequent to expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month ”.
While it is true that section 232-c changed the common-law rule relating to the creation óf a holdover tenancy, it does not *963 follow that such a holdover tenant who remains in possession is deemed to hold over at the increased rental fixed by the landlord in a timely notice served upon him. (Jaroslow v. Lehigh Val. R. R. Co., supra.) Basically, the purpose of 232-c “ is to change, in the case of tenants whose term is longer than one month, the common-law rule that a holdover tenant may be held as a tenant for a new term.” (N. Y. Legis. Doc., 1959, No. 65 [D], p. 139.) To contend, as does the landlord, that a tenant whose term is not longer than one month, by specific exclusion in section 232-c, such tenant continues to be subject to the common-law rule that a holdover tenant remaining in possession after the expiration of his term is deemed a holdover at the increased rental fixed by the landlord, in a timely notice served upon said tenant is to completely disregard the decisional law in Pecoraro v. Ryan, Acierno v. Kutchuk and Matter of Lantz v. Metaxas, cited above, which clearly held to the contrary. Interestingly enough, the Pecoraro and Lants cases were decided after September 1,1959, when section 232-c of the Real Property Law became effective.
The tenant further contends that the Jaroslow case (23 N Y 2d 991, 993, supra) does not apply in the instant case because in that case the tenant was a tenant whose term was longer than one month.
This court holds that the decision in that case, “An action for nonpayment of rent, based on a notice purporting to fix a rent, never agreed upon by tenant and never paid by tenant, does not lie, there being no tenancy in fact or at law obligating the tenant for such rent ” applies equally as well to the facts in this case.
This court further holds that the documentary evidence submitted to this court, consisting of a purported receipt for one month’s security and one month’s rent, unsigned, and with the notation “Lease to be drawn ” does not constitute a lease of the subject premises. Judgment for the landlord in the sum of $95.