Bernard Klieger, J.
This is a holdover proceeding premised on a 30-day termination notice served upon the tenant, a month-to-month tenant. The 30-day termination notice, properly served, is twofold: first, the notice states that the £ £ landlord elects to terminate ” the tenancy; and secondly, the notice continues by advising the tenant that if she remains on the premises after the termination date it would be understood that she has agreed to pay an increased monthly rent.
The issue before the court is whether such a 30-day termination notice, which first terminates the tenancy and then increases the tenant’s rent, is a valid notice pursuant to section 232-a of the Real Property Law.
It is well established that a 30-day notice merely increasing the rent of a monthly tenant, without terminating the tenancy, will not support a nonpayment proceeding for the increased rental value. (Pecoraro v. Ryan, 39 Misc 2d 949; Matter of Reimer v. Kaslov, 61 Misc 2d 960. See, also, Matter of Jaroslow v. Lehigh Val. R. R. Co., 23 N Y 2d 991; Aronson v. Markulin, 39 Misc 2d 273.)
It has also been established recently, that a 30-day notice which terminates the tenancy and increases the rent in one joint notice, as does the notice before the court in this case, is insufficient to support a nonpayment proceeding for the increased rental value. (Buchanan v. Thomas, N. Y. L. J., Jan. 28, 1970, p. 17, col. 8; Sassano v. Benjamin, N. Y. L. J., July 6, 1970, p. 12, col. 1.)
Section 232-a of the Real Property Law provides, in part, that the notice required to be sent to the tenant by the landlord must be ‘ ‘ a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” (Real Property Law, § 232-a.)
Besdine v. Leitner (166 Misc. 658) is apparently the only case on point. Although Besdine (supra) differs from the case at bar in some respects (the wording of the notice is slightly different and the statute before the court was section 228 of *300 the Real Property Law) the language of the case is suggestive of the problem: ‘ ‘ The principles of law applicable to a holdover proceeding are quite different from those applying to a proceeding to dispossess a tenant for non-payment of rent, or for increased rental pursuant to a notice served on the tenant before the termination of a definite tenancy. In the first instance, the landlord desires possession of the premises and refuses the rent tendered by the tenant — possession is the objective. In the second, section 228 of the Real Property Law does not apply — the landlord demands payment of the rent, and he seeks possession of the premises only if the tenant cannot or will not pay; possession is the alternative relief demanded by the landlord. But, to ask for possession and to invite a tenant ‘ to remain ’ is logically incompatible. The moment the landlord recognizes that the tenant remained and demands payment of rent, he admits a subsisting tenancy, and he can no longer demand possession of the premises.” (Besdine v. Leitner, supra, p. 660.)
The court continues with the following language: 1 ‘ By the utterance of the second (the demand for the rent), the landlord waived his right to the first (for possession) ”. (Besdine v. Leitner, supra, p. 660.)
Language in both Matter of Lantz v. Metaxas (48 Misc 2d 924) and Pecoraro v. Ryan (39 Misc 2d 949, supra) is to similar effect, in that both cases require that the termination notice mandated by section 232-a of the Real Property Law be “unequivocal.” In Lantz (supra) the court said: “Moreover, the June 24 notice, increasing the rent as of July 1, given during the pendency of the holdover proceeding was inconsistent with the holdover proceeding. It left, the tenant in an equivocal position. Landlord was advising him, at one and the same time, that if he remained after July 1, (1) he would be a trespasser, and (2) he would be a tenant at an increased rental. Landlord cannot have it both ways.” (Matter of Lantz v. Metaxas, supra, p. 926.)
In Pecoraro v. Ryan (supra) the court stated: “If the landlord desires to terminate, he is required to serve a 30-day notice upon the tenant which definitely and unequivocally terminates same.”
The court hereby holds that the notice used by the landlord in the ease before the bar is not an ‘4 unequivocal notice ’ ’, as required by the above-mentioned statutes and decisions. On one hand, the tenant is informed that the landlord has elected to terminate her tenancy on December 18, 1970. In the same *301 notice the landlord notifies the tenant that her new rental commences on the 19th day of December, the day after termination. If the tenant pays the new rental, the notice would have absolutely no effect with respect to termination. It therefore places the tenant in an equivocal position.
The Real Property Law requires, in specific language, that the notice terminate the tenancy and any excessive language which would mislead the tenant and place the tenant in an equivocal position would be an insufficient notice under the requirement of the .statute.
Accordingly, the petition is dismissed.