Alfred M. Lama, J.
Plaintiff is a mobile home park operator and defendants are month-to-month tenants in the trailer park. The park is situated in the Town of Islip, New York. Plaintiff sues to recover the sum of $10 representing an increase in rent due January 1, 1976, plus a $4 late charge, and interest from January 5, 1976. Defendants have paid the old rent of $130 and hereby contest the increase. The plaintiff has now moved for summary judgment pursuant to CPLR 3212.
Defendants contend that they did not consent to the increase and instead paid the defendant the original rental amount. They argue that consent is essential to any increase in rent and that the landlord’s acceptance of the original rental sum constituted a waiver. Lastly, they argue that the landlord’s remedy if he is aggrieved should be an action to evict rather than an action to recover the rent balance due.
Plaintiff argues that it has meticulously followed the statutes and provisions of local law under which a mobile home park owner is permitted to raise rental fees. Plaintiff also attached as Exhibit A a document signed by defendants stating they agreed to pay a $4 late charge if rent is not paid by the fifth day of the month.
In accordance with section 233 of the Real Property Law, on September, 30, 1975, plaintiff sent defendants á notice of *229 rental increase, specifying the $10 monthly increase, to be effective January 1, 1976. Also, in compliance with Local Law No. 5 of the Local Laws of 1975 of the County of Suffolk, plaintiff advised the Mobile Home Rent Review Board of the proposed increase, and a hearing on the matter was scheduled and held for the benefit of the tenants, on November 21, 1975, at the Planning Building, Hauppauge, New York.
Section 233 (subd f, par 3, cl [c]) of the Real Property Law covers increases in rents and fees for mobile home tenants. It requires 90 days’ written notice to tenants, specifying the date of implementation of the increases. Local Law No. 5 created the Mobile Home Review Board, composed of owner, tenant and outside representatives. This law requires that no rental or other fees may be increased by mobile park owners without complying with certain conditions. These include the 90-day notice to tenants, as also required under section 233 (subd f, par 3, cl [c]) of the Real Property Law and a 90-day notice to the Mobile Home Review Board together with a statement of the facts and circumstances justifying the proposed increase. The law provides for tenants to protest the increase at a hearing before the board. Lastly the board must issue a written report regarding the propriety of the proposed increases.
Defendants have not challenged the validity of the above laws nor have they argued that plaintiff failed to diligently comply with the steps necessary for instituting a rent increase and securing approval of the Mobile Home Board.
Defendants argue that a landlord may not unilaterally and arbitrarily hold a tenant to a new tenancy based solely upon a notice to him that remaining in possession constitutes an agreement to pay an increased rental. In support of this defendants cite the case of Spencer v Faulkner (65 Misc 2d 298) in which the New York Civil Court held that under section 232-a of the Real Property Law holdover proceedings could not be maintained on a 30-day notice stating that if tenant remained it was understood that she agreed to pay an increased monthly rental.
The present case is distinguishable from Spencer (supra) first, in that it involves interpretation of a different section of the Real Property Law, i.e., section 233. Section 232-a deals only with monthly tenancies in the City of New York while section 233 concerns the special rights and duties of mobile home park owners and tenants. Second, there was no act on *230 the part of the tenant other than the mere holding over to form the basis of an implied consent to pay the increased rent.
Defendants also cite the case of Matter of Reimer v Kaslov (61 Misc 2d 960), which held that under section 232-c of the Real Property Law a holdover tenant remaining in possession is not liable for the increased rental fixed by the landlord in a timely notice. The New York Civil Court stated in that case that section 232-c of the Real Property Law changed the common-law rule that a holdover tenant remaining in possession after the expiration of his term is deemed to holdover at the increased rental fixed by the landlord in a timely notice upon him. (Id. p 962.) Reimer; however, similarly differs from the present case first in that the statute upon which it is based does not apply here because section 232-c applies only to holdover tenants after expiration of terms greater than one month. Second, the decision that a unilateral increase by the landlord does not bind the tenant is based upon the lack of any implied conduct acquiescing to the increase, other than the mere act of holding over. (Id.)
In the present case, the local law establishing the Mobile Home Rent Review Board with tenant representation suggests that although an individual tenant may not like it, since he has had the right to participate and be represented in the hearing he is bound by the board’s approval of the increase, while still retaining the right to appeal the board’s findings or challenge its procedures. Absent this type of challenge, consent to the increase is implied by representative tenant participation in the board’s rental increase review process set up by the Legislature as the mode for determination of rent increases for mobile home owners.
Defendants argue last that plaintiff’s only remedy is eviction. It is true that section 233 of the Real Property Law describes the procedures to be followed for evictions of mobile home tenants; however it does not indicate that eviction is the landlord’s only remedy should the tenant fail to pay the total amount of rent due. The landlord still retains his right to elect to sue only for past rent due in lieu of evicting the tenant.
The court finds that the $10 increase in rental approved by the board and as yet unchallenged per se, became binding upon the defendants as of January 1, 1976, and that the defendants owe that amount to plaintiff. The court also finds that per the contract signed by defendants they agreed to pay *231 a $4 late charge for which they became liable January 5, 1976. Summary judgment for plaintiff in the amount of $14 with interest from January 5, 1976.