■ CITY OF BUFFALO URBAN RENEWAL AGENCY, Respondent, v LANE BRYANT QUEENS, INC., et al., Appellants. — Judgment unanimously reversed, without costs, and judgment entered declaring the rights of the parties, in accordance with the following memorandum: The City of Buffalo Urban Renewal Agency (Urban Renewal) commenced this action seeking declaratory judgment that a certain document entitled "Notice of Displacement" dated May 12, 1980, served on Lane Bryant was sufficient notice to terminate the parties' lease. The lease contained a condemnation clause which provided that in the event one third or more of the demised premises was taken for public use by right of eminent domain, or private purchase in lieu thereof by a party empowered with eminent domain, either party would have the right to terminate the lease upon 30 days' notice in writing given to the other within 60 days after such taking. The practical effect of such a clause, if properly exercised, is to deprive the lessee, in this case Lane Bryant, of any part of the award on condemnation of the premises (*Cooney Bros. v State of New York,* 24 NY2d 387, 392; 19 NY Jur, Eminent Domain, § 114, pp 323-324; § 116, pp 326-327). For reasons which follow, we disagree with Special Term and conclude that Urban Renewal failed to give sufficient notice to activate the condemnation clause of the lease and that Lane Bryant is entitled to a condemnation award commensurate with the value of its leasehold interest (see *Great Atlantic & Pacific Tea Co. v State of New York,* 22 NY2d 75, 84). For purposes of urban redevelopment, on May 5, 1980 Urban Renewal purchased, in lieu of condemnation, premises known as the Genesee Building located in the City of Buffalo. At the time of the purchase, defendants, Lane Bryant Queens, Inc., and Lane Bryant, Inc., the parent corporation, possessed a valid lease for a retail store located in the

building. The lease, which was to expire January 31, 1985, contained the condemnation clause previously described. Shortly after Urban Renewal acquired the building, the City of Buffalo Department of Community Development (Community Development) served Lane Bryant with a document entitled "Notice of Displacement" which advised that it would have to move from the premises to make way for urban redevelopment. Alleging defects in that notice, Lane Bryant has taken the position that adequate notice of termination has not been given in compliance with the condemnation clause. It is well settled that "notice of termination of a lease must be clear, unambiguous and unequivocal if it is to function as the catalyst which terminates the leasehold. (*Spencer* v. *Faulkner,* 65 Misc 2d 298; *28 Mott St. Co.* v. *Summit Import Corp.,* 64 Misc 2d 860; *Granet Constr. Corp.* v. *Longo,* 42 Misc 2d 798.)" (*Kirschenbaum v M-T-S Franchise Corp.,* 77 Misc 2d 1012, 1014; cf. *Chinatown Apts. v Chu Cho Lam,* 51 NY2d 786.) The notice which is the basis of this declaratory judgment action is fundamentally lacking in each of these respects. It fails to refer to the parties' lease or to the condemnation clause which it purports to exercise. The notice is misleading in that it does not advise Lane Bryant that the building has been sold, but merely that Urban Renewal has submitted a written offer to purchase the premises. To add to the confusion the notice bears the letterhead of the Department of Community Development, not that of Urban Renewal, which was the entity involved in the purchase of the building. The terms of the notice are equivocal in that they profess to terminate the tenancy while at the same time advising the tenant, in conspicuous language, "YOU DO NOT NEED TO MOVE NOW." Taken as a whole, the notice may be construed as little more than an announcement that Urban Renewal had made an offer to purchase the building and that, in the event such purchase was effectuated, the tenant would be required to vacate the premises at some future date yet uncertain. If the May 12 notice were the only document in dispute, arguably a reasonable interpretation might be reached that it was sufficient despite its technical defects to put Lane Bryant on notice that its lease was thereby terminated. A second letter, however, sent by Urban Renewal on September 16, 1980 expressly acknowledged that the lease agreement between the parties was still in effect, nearly 10 weeks after the 60-day period for giving notice under the condemnation clause of the lease had expired. That letter advised Lane Bryant in definite terms that Urban Renewal was permitting it to terminate its "existing lease" upon certain conditions. As a result of Urban Renewal's admission of the existence of a valid lease with Lane Bryant after the period for terminating the contract under the termination clause had expired, it is inconsistent for the agency to argue on appeal that the May 12 notice effectively terminated Lane Bryant's lease. Nor do we concur with Special Term that Lane Bryant was estopped from asserting the defects in the original notice because of its failure to raise such defects during the 60-day period in which proper notice could have been issued under the lease. Special Term assumed Lane Bryant was properly put on notice that plaintiff was attempting to exercise the 60-day option to terminate under the condemnation clause in the first instance — a view which we do not adopt. To hold that Lane Bryant had a duty to advise the agency that it had not effectively complied with the terms of the lease would totally absolve Urban Renewal of its legal duty to comply with the conditions precedent to enforcement of its contractual obligation. Since we conclude that the notice given by Urban Renewal was not sufficient notice of termination under the condemnation clause of the parties' lease, we need not reach the question of whether technical defects in the method of service were themselves sufficient to negate the effect of the notice given. (Appeal from judgment of Supreme Court, Erie

County, Mattina, J. — declaratory judgment — lease.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.