OPINION OF THE COURT
Per Curiam.
Order entered May 1, 1985 unanimously reversed, with $10 costs, and tenant’s motion to dismiss the holdover petition is denied.
Upon tenant’s entry into possession of the subject premises, on or about May 1, 1983, he executed a lease which prohibited the harboring of animals of any kind without written permission and which further provided that "[t]he harboring of a dog is a substantial violation of the lease”. Tenant also executed a separate rider specifically addressed to the prohibition of household pets. On March 5, 1984, tenant advised landlord *397 that he had obtained a pet dog. Landlord responded in writing on March 27, calling tenant’s attention to the "no pet” clause in the lease and requesting that the animal be removed immediately. This was followed by a notice to cure, served May 10, and a notice of termination, served June 4. The parties negotiated an apparent settlement of the matter; the record contains a copy of a letter dated June 20 from landlord’s managing agent to the tenant enclosing a stipulation of settlement for execution. The stipulation was never executed.
This holdover proceeding ensued, commenced October 30, 1984. Civil Court granted tenant’s motion to dismiss, citing Administrative Code of the City of New York § D26-10.1Q (b), which provides, in substance, that where a tenant "openly and notoriously” harbors a pet for a period of three months or more and the owner, with knowledge of this fact, fails to bring a summary proceeding or action to enforce a lease provision prohibiting the keeping of pets within the three-month period, the lease provision shall be deemed waived. We think the Civil Court too literally applied the "waiver” provision of the Administrative Code in this case. The Administrative Code provision was enacted to curb abuses by building owners who, "knowing that a tenant has a pet for an extended period of time”, seek to evict for retaliatory or other reasons unrelated to the harboring of the pet (Administrative Code § D26-10.10 [a]). Here, the landlord objected to the pet almost immediately and served a notice to cure and notice of termination within the three-month period. The summary proceeding was not commenced until after three months had lapsed, but it is clear from the record that landlord refrained from instituting court proceedings in the belief that the matter had been, or was about to be, settled. The sequence of events is not susceptible to the interpretation that landlord knowingly relinquished its right to object to the tenant’s animal. The tenant was on notice when he took possession that pets were strictly prohibited and as soon as landlord was informed that tenant was harboring a dog it demanded that the dog be removed pursuant to the terms of the lease. The tenant was not in any sense misled and should not under the facts disclosed, be permitted to invoke the waiver provision contained in the Administrative Code.
Hughes, P.J., Riccobono and Parness, JJ., concur.