■ ELLIVKROY REALTY CORP., Appellant, v HDP 86 SPONSOR CORP., Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered April 20, 1989, which, *inter alia,* granted defendant's motion for summary judgment dismissing that portion of plaintiff's complaint seeking possession of the subject apartments and the corresponding shares in the cooperative corporation, and denied plaintiff's motion for summary judgment on its claim for arrears in maintenance and late fees with leave to renew, unanimously affirmed, without costs.

Plaintiff, a cooperative corporation which owns and operates the building known as 446 East 86th Street, New York, New York, served the defendant sponsor, holder of unsold shares for 19 apartments at the building, with 19 notices, denominated "NOTICE OF DEFAULT-NONPAYMENT". While the notices referenced the applicable lease provision for termination of the proprietary lease (para 31 [d]), it was not clear from the notices and subsequent correspondence whether the notices were served to commence formal termination pursuant to lease paragraph 31 or were simply a demand for payment of arrears in maintenance. Such notices must be clear, unambiguous and unequivocal in order to serve as the catalyst which terminates a leasehold. *(City of Buffalo Urban Renewal Agency v Lane Bryant Queens,* 90 AD2d 976, 977, *affd* 59 NY2d 825.)* The notices herein, while sufficient to serve as a demand for maintenance arrears, were not sufficiently unambiguous to serve to trigger the applicable termination provision. Thus, plaintiff's motion for summary judgment seeking possession was properly denied, and as possession can only be awarded on a valid notice of termination, plaintiff's claim for possession was properly dismissed.

Questions of fact exist with respect to, *inter alia,* the amount of arrears in maintenance after January of 1988, and the fact that the tenants of the subject apartments have paid the rent, normally owed to defendant, into escrow due to the plaintiff's notice to said tenants that the sponsor's leasehold was terminated. Thus, summary judgment on the claim for arrears was properly denied to both parties. No issue is raised on appeal with respect to the denial of defendant's motion to amend its answer to assert an additional counterclaim. We note that plaintiff's notice of appeal limits the appeal to the portions of the order appealed above-stated, and defendant has

not cross-appealed. Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.