■ SAAB ENTERPRISES, INC., et al., Appellants, v ABRAHAM BELL, Respondent. [603 NYS2d 879] —In an action for a declaration that the plaintiffs' leases were improperly terminated and should remain in full force and effect, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Yoswein, J.), dated November 9, 1992, which, after a nonjury trial, found the plaintiffs to be in breach of their respective leases, dismissed the complaint, and granted possession of the subject premises to the defendant.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs contend, *inter alia,* that the defendant waived any objection to certain defaults of the plaintiffs' respective leases regarding subleases, due to the defendant's acceptance of rent between May 1986 and October 1986. We disagree. During this time, the defendant informed the plaintiffs of his objections to the improper subleases, and demanded that they be discontinued. The defendant took no further action, however, due to the fact that he was negotiating the possible sale of the property to the plaintiffs or a third party. The defendant also informed one of the principals of the plaintiffs that, should the sale not occur, he intended to press his objection regarding the improper subleases. The record also indicates that the defendant was not aware of the sublease of the

plaintiff Kings Church Gas, Inc. to Feliz Service Station until after this period of time. Under these circumstances, it cannot be said that the defendant's acceptance of rent during this period evidenced any intent to waive his objections to the subleases, and we find that the defendant acted reasonably in continuing to accept the rent while negotiating the possible sale of the property to the plaintiffs or a third party *(see generally, Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442; *Witkoff v Shopwell, Inc.,* 112 AD2d 295; *Park Holding Co. v Lavigne,* 130 Misc 2d 396).

The plaintiffs also contend that the termination notices were inadequate to effect the termination of the leases. Again, we disagree. Termination notices "must be clear, unambiguous and unequivocal in order to serve as the catalyst which terminates a leasehold" *(Ellivkroy Realty Corp. v HDP 86 Sponsor Corp.,* 162 AD2d 238; *see also, City of Buffalo Urban Renewal Agency v Lane Bryant Queens,* 90 AD2d 976, 977, *affd* 55 NY2d 825). Here, the termination notices informed the plaintiffs that the complained-of conduct was the improper subleases *(see, Perle v Ross,* 150 Misc 2d 20), and that the leases would terminate five days after receipt of the notices by the plaintiffs *(compare, TSS-Seedman's, Inc. v Elota Realty Co.,* 72 NY2d 1024; *Lerner v Johnson,* 167 AD2d 372. The plaintiffs were informed of all necessary information. Thus, the termination notices were adequate.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.