OPINION OF THE COURT
Per Curiam.
Order, entered October 1, 2012, affirmed, with $10 costs.
This holdover summary proceeding seeks possession of the demised bar/restaurant premises pursuant to paragraph 44 of the rider to the parties’ November 23, 2010 lease agreement, whose terms authorized landlord to terminate the tenancy on six months’ notice in the event it elected “to demolish or remarket the Building and/or Demised Premises.” The November 4, 2011 letter notice utilized by landlord, purporting to terminate the lease as of May 31, 2012, tersely stated that it “hereby exercises [its] Termination Option and terminates the lease,” with no indication as to whether the purported lease termination was based on landlord’s election to demolish the building or instead to “remarket” either the building as a whole or solely tenant’s space therein. In such form, the notice fell short of providing tenant with the clear, unambiguous and unequivocal information required to be set forth in a notice intended to serve as the catalyst which terminates a leasehold (see City of Buffalo Urban Renewal Agency v Lane Bryant Queens, 90 AD2d 976, 977 [1982], affd 59 NY2d 825 [1983]; Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238 [1990]). Since landlord’s possessory claim must be dismissed in the absence of a valid termination notice, we need not and do not address tenant’s alternative argument that the lease termination provision was too indefinite to be enforceable.
Torres, J.P, Schoenfeld and Shulman, JJ., concur.