Joan Lehtonen, Respondent, 
against
Maria Dellaquila, Appellant, et al., Undertenants. 

Ray, Mitev & Associates, LLP (John Ray of counsel), for appellant.
Christopher Ross, for respondent (no brief filed).

Appeals from a decision of the District Court of Suffolk County, Sixth District (James F. Matthews, J.), dated May 25, 2018, and a final judgment of that court entered June 5, 2018. The final judgment, entered pursuant to the decision, after a nonjury trial, awarded petitioner possession in a holdover summary proceeding.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see UDCA 1702; Greenfield v Tassinari, 8 AD3d 529 [2004]); and it is further,
ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a final judgment dismissing the petition.
In this commercial holdover proceeding, the petition names Joan Lehtonen, who is the owner of the premises, as the "[p]etitioner" in the caption. However, the petition states, in the body thereof, that, "Petitioner is the agent of the owner in fee . . ." and the petition is verified by the agent, Robert Arnold. In addition, the 30-day notice of termination annexed to the petition, is also signed by the agent, Robert Arnold. The notice states that "landlord elects to terminate [the] tenancy as of January 25, 2018" and that tenant "must surrender and vacate the [p]remises on or before February 28, 2018, the day on which [the] tenancy expires." After a nonjury trial, the District Court awarded petitioner possession of the premises.
An owner's agent is not a person authorized to maintain a summary proceeding (see RPAPL 721; Key Bank of NY v Becker, 88 NY2d 899, 900 [1996]; Elias Props. Mgt., Inc. v One Half Fashion Corp., 57 Misc 3d 138[A], 2017 NY Slip Op 51307[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Ferro v Lawrence, 195 Misc 2d 529, 530 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]; Whalen v Veltre, 2002 NY Slip Op 40081[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). Here, while the caption of the petition purports to name Joan Lehtonen as the petitioner, the petition expressly provides that the "[p]etitioner is the agent of the owner" of the premises, and the petition is verified by the agent. As this standing defect was [*2]raised and is not cured by captioning the proceeding in the name of the proper party in interest (see Ferro v Lawrence, 195 Misc 2d at 530; Whalen v Veltre, 2002 NY Slip Op 40081[U]), the petition must be dismissed. We note, in any event, that the proof at trial showed that Joan Lehtonen is an adult incapable of adequately prosecuting her rights, and that no guardian ad litem was appointed to appear on her behalf (CPLR 1201).
Furthermore, the 30-day notice of termination was defective. "Termination notices 'must be clear, unambiguous and unequivocal in order to serve as the catalyst which terminates a leasehold' " (SAAB Enters. v Bell, 198 AD2d 342, 343 [1993], quoting Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238, 238 [1990]; see City of Buffalo Urban Renewal Agency v Lane Bryant Queens, 90 AD2d 976, 977 [1982]). The termination notice at issue here contains contradictory statements: on the one hand, the notice states that "landlord elects to terminate [the] tenancy as of January 25, 2018"; on the other hand, the notice provides that the tenancy "expires" on February 28, 2018. As the termination notice was not sufficiently unambiguous as to the termination date, the notice is defective (see Bray Realty, LLC v Pilaj, 59 Misc 3d 130[A], 2018 NY Slip Op 50426[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
In light of the foregoing, the petition must be dismissed. Thus, we need not pass upon tenant's remaining contentions raised on appeal.
Accordingly, the final judgment is reversed and the matter is remitted to the District Court for the entry of a final judgment dismissing the petition.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 4, 2020